# 𝕾𝖚𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

## WHITEHEAD v. CAPE HENRY SYNDICATE.

### June 9, 1910.

#### Absent, Harrison, J.

1. DAMAGES—*Estimated Profits—When Recoverable.*—A plaintiff will not ordinarily be allowed to recover estimated profits or gains, for it is generally conjectural whether there will be any. Profits, are not excluded from recovery because they are profits, but when excluded, it is because there are no *criteria* by which their amount can be ascertained with reasonable certainty or definiteness. When profits or gains can be so proved, and their loss is the proximate result of the wrongful act complained of, they may be recovered.

2. DAMAGES—*Estimated Profits—Pound Fishing—New Business.*— Pound fishing in which a party has been engaged only one month is a new business, and the profits to be derived therefrom depend not only upon the future bargains and states of the market, but upon other contingencies, such as the run of the fish and the kind and quantity caught. Such profits are dependent upon too many contingencies and are too uncertain to furnish a safe guide in fixing the measure of damages for an injury to, or destruction of, such business, and hence cannot be recovered.

3. APPEAL AND ERROR—*Demurrer to Evidence—Reversal in Part.*— Where a demurrer to evidence was wholly sustained by the trial court, and the jury found a gross sum for damages, but, on writ of error, this court is of opinion that the demurrer should have been overruled as to certain items of account, the amount and value of which are readily ascertainable from the record, it will enter up final judgment for the demurree for the value of such items.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of debt. Judgment for the defendants. Plaintiffs assign error.

*Reversed in part.*

The opinion states the case.

*Burroughs & Bro.*, for the plaintiff in error.

*Wm. W. Old & Son* and *J. Edward Cole*, for the defendants in error.

BUCHANAN J., delivered the opinion of the court.

This is an action of debt on an injunction bond in which there have been three trials. The verdicts on the first and second trials were in favor of the plaintiff, who is the plaintiff in error, but were set aside upon the motion of the defendants. Upon the third trial there was a demurrer to the evidence, which was sustained, and judgment rendered for the defendants. To that judgment this writ of error was awarded.

Errors are assigned to the action of the court upon each of the trials but in the view we take of the case it is only necessary to consider its ruling on the last trial. The evidence, on all material points, was substantially the same on each trial, and if the demurrer to the evidence was properly sustained, in whole or in part, upon the last trial, the verdicts upon the first and second trials were properly set aside.

In the year 1904 the plaintiff obtained from the proper authorities a license to fish with a pound net in the waters of the Commonwealth about a mile and a quarter east of Lynnhaven river. After the necessary preparations he commenced fishing in April of that year, and continued his operations until the 26th of May following, about one month, when, upon a bill filed by the defendant, the Cape Henry Syndicate, he was enjoined from carrying on his business until the further order of the court, on the ground that he was trespassing upon the rights of that syndicate. The injunction was subsequently perpetuated by the circuit court, but upon an appeal to this

court was dissolved. In the mean time, however, the fishing season for which the plaintiff had obtained his license had expired.

In the bill of particulars filed with the declaration four items of damage are claimed: (1) Costs of the suit in which the injunction was granted; (2) costs of poles for pound net; (3) cost of erecting poles, pumping and setting; (4) loss of sales of fish from May 26, 1904, to the 31st of January, 1905, by reason of the injunction.

The right of the plaintiff to recover damages for the fourth item, viz., loss of sales of fish whilst the injunction was in force, is the material question upon the merits involved in the case.

To sustain his right to recover that item of damages, the plaintiff was permitted, over the objection of the defendant, to introduce evidence of the net profits made by him in the month preceding the granting of the injunction. The plaintiff also introduced evidence tending to prove that the business of pound fishing was an established business; that he was fully equipped for taking and marketing fish; that the point where his business was located was a good place for taking fish: that there was a market for fish that year; that they sold for fair prices; and that the month of May is generrally the most indifferent month during the season for fishing.

A plaintiff is entitled to recover all such damages as are the natural and proximate result of the wrongful act of which he complains. This rule is well settled; but the difficulty is in applying it to a particular case. *Burruss* v. *Hines*, 94 Va. 416, 26 S. E. 876, and authorities cited. "A plaintiff will not ordinarily," as was said in the case cited, "be allowed to give evidence of or to recover profits or expected gains, for it is generally conjectural whether there will be any profits or gains." Profits are not excluded from recovery because they are profits, but when excluded it is because there are no *criteria* by which their amount can be ascertained with reasonable certainty or

definiteness. When prospective profits or gains can be so proved, and their loss is the natural and proximate result of the wrongful act complained of they may be recovered. *Same case; Brigham* v. *Carlysle,* 78 Ala. 243, 56 Am. Rep. 28; *Wilson* v. *Wernwag,* 217 Pa. 82, 66 Atl. 242, 10 Am. & Eng. Ann. Cases, 649.

In *Alleghany Iron Co.* v. *Teaford,* 96 Va. 372, 31 S. E. 526, profits that the plaintiff would have realized had he been permitted to perform his contract were recovered. But the profits in that case could be ascertained with reasonable certainty— they were the difference between the cost of the ore to the plaintiff at the *stipulated price* of delivery, and the price the defendant had agreed to pay for it.

In *Consumers Ice Co.* v. *Jennings,* 100 Va. 720, 42 S. E. 879, it was held, in an action to recover damages for breach of a contract to deliver chattels, that profits which the purchaser would have made on sub-contracts actually made by him were sufficiently certain to be recovered.

In *A. & D. Ry. Co.* v. *Delaware Construction Co.,* 98 Va. 503, 37 S. E. 13, it was held, in an action to recover damages for failure to complete a pier in a given time, that the estimated gains or profits which the plaintiff might have made on the handling of freight that it was compelled to decline in consequence of the non-completion of the pier were too remote and conjectural to be recovered.

In *Grubbs* v. *Burford,* 98 Va. 553, 32 S. E. 4, it was said that while gains prevented by withholding or interfering with property, or by breach of contract, might be recovered if proved, yet as a general rule profits dependent upon future bargains or states of the markets are not subjects of recovery.

It is insisted by the plaintiff, however, that even if the gains or profits sought to be recovered do depend upon future bargains and states of the market, they can be recovered if the business interfered with or destroyed is an established one.

Even if this were so (as to which we express no opinion),

it would not aid the plaintiff, since his business was not an established one. The doctrine in those jurisdictions in which the rule invoked prevails is thus stated in 13 Cyc. 59; "Where an established business is wrongfully injured, destroyed or interrupted, the owner of such business can recover damages sustained; but in all cases it must be made to appear that the business that is claimed to have been interrupted was an established one; that it had been successfully conducted for such a length of time and had such a trade established that the profits thereof are reasonably ascertainable;" but "where a new business or enterprise is floated and damages by way of profit are claimed for its interruption or prevention, they will be denied, for the reason that such business is an adventure as distinguished from an established business, and its profits are remote and speculative, existing only in anticipation."

It is clear that the plaintiff's business, under this statement of the rule invoked, was a new and not an established business. He had only been conducting it for about one month; it had not been conducted long enough and had no such trade established as would show with reasonable certainty what its profits, if any, would be. It was a new business, whose profits depended not only upon future bargains and states of the market, but upon other contingencies, such as the run of the fish that season, and the kind and quantity caught. The profits sought to be recovered by the plaintiff seem to us, under the rule invoked as well as under the principle established by our own decisions, to depend upon too many contingencies, and are altogether too uncertain to furnish a safe guide in fixing the measure of the plaintiff's damages.

We are of opinion, therefore, that the trial court did not err in sustaining the demurrer to the evidence, so far as the profits claimed entered into the damages found by the jury.

While there was no separate finding by the jury as to each item of damages claimed by the plaintiff, their verdict for eleven hundred dollars was necessarily made up of the second,

third and fourth items claimed in the bill of particulars; for it was admitted that the damages in the first item had been paid before this action was brought. The second and third items were clearly proved, indeed their amount was not controverted, and aggregated $94.25. To that extent we are of opinion that the demurrer to the evidence should have been overruled.

In the case of *O. A. & M. R. Co.* v. *Miles*, 76 Va. 773, the jury in their verdict found separately as to each item of damages claimed. The trial court overruled the demurrer to the evidence and rendered judgment for their aggregate amount. But upon a writ of error, this court, being of opinion that the demurrer to all the items of damage except one should have been sustained, reversed the judgment and entered judgment in favor of the plaintiff for the amount of that item.

Though there was no separate finding in this case as to the several items of damages, it is clear, we think, that the second and third items, aggregating $94.25, and whose amount was not controverted and was clearly proved, made a part of the sum found by the jury, and to that extent judgment should have been rendered for the plaintiff by the trial court.

The judgment complained of will, therefore, be reversed, and this court will enter such judgment on the demurrer to the evidence as the trial court ought to have entered.

*Reversed in part.*