Syllabus.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## W. S. FORBES AND W. L. BOYD V. CLARENCE WYATT, TRADING AS BOWMAN TRANSFER AND STORAGE WAREHOUSE COMPANY.

October 1, 1925.

Absent, Christian, J.

1. LANDLORD AND TENANT—*Action Against Landlord for Failure to Deliver Possession—Fact that Tenant has been Paid Damages for his Surrender of a Lease from a Third Party—Case at Bar.*—The instant case was an action by a tenant against his landlord for damages arising out of the landlord's failure to deliver possession of the leased premises on the date provided for in the lease. The trial court refused to instruct the jury that they might take into consideration the sum paid the plaintiff by a third party, in consideration of the plaintiff's surrendering a lease of other property occupied by plaintiff and leased him by such third party.

   *Held:* That the defendants were not interested in the terms agreed upon between the plaintiff and the third party in question, and that the court properly excluded the same from the jury's consideration.

2. CONTRACTS—*Breach of Contracts—Only One Recovery for Breach—Recovery for Violation of a Different Obligation.*—A litigant is entitled to only one recovery for the breach of a contract, and that whether paid by the party who breached it, or by a stranger. But it has never been held that a satisfaction, paid by the offending party to a contract, can be relied upon to relieve another and entirely distinct offender from the consequences of a violation by him of an entirely different obligation.

3. INSTRUCTIONS—*No Evidence to Support Instruction—Case at Bar.*—An instruction which was premised upon the S. Company having paid plaintiff $750.00 "for damages and injury caused the plaintiff for moving in on him, the plaintiff, before the expiration of his said lease," etc, was properly refused where the uncontradicted evidence was that the S. Company had paid plaintiff nothing for any purpose.

4. DAMAGES—*Profits—Expected Profits—Case at Bar.*—In the instant case, an action by tenant against his landlord for failure to deliver the premises on the date provided for in the lease, plaintiff was engaged in the storage business and claimed damages for loss in storage for

the time he was excluded from the premises. Plaintiff's claim was for estimated profits based upon the past results of an established business.

*Held:* That the expected profits were a legitimate item for recovery, especially at a time when storage space was in great demand and warehouses unusually profitable.

5. DAMAGES—*Profits—Expected Profits.*—As a general rule the expected profits of a commercial business are too uncertain, speculative, and remote, to permit a recovery for their loss.

6. DAMAGES—*Profits—Expected Profits.*—However, the loss of profits from the destruction or interruption of an established business may be recovered for if the amount of actual loss is rendered reasonably certain by competent proof; but in all such cases it must be made to appear that the business which is claimed to have been interrupted was an established one; that it had been successfully conducted for such a length of time, and had such a trade established that the profits thereof are reasonably ascertainable.

7. LANDLORD AND TENANT—*Action by Tenant for Failure of Landlord to Deliver Premises—Damages—Verdict not Plainly Wrong—Case at Bar.*—In the instant case, an action for damages by a tenant against his landlord for failure to deliver the premises at the date prescribed by the lease, the jury found a verdict for plaintiff for $591.13 less than the amount claimed by him. The jury may have deducted that amount from a storage item claimed by plaintiff as having been paid to another warehouse for storing his customers' goods, or it may have excluded an estimated profit item claimed by plaintiff, in any event the verdict of the jury not being plainly wrong, and having the sanction and approval of the trial court, must be affirmed on appeal.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the plaintiffs in error.

*Cutchins & Cutchins,* for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

In the court below the plaintiffs in error were the defendants and they will be so termed in this court.

The motion for judgment brought by Clarence Wyatt, trading as Bowman Transfer and Storage Warehouse Company, was based upon the breach of a rental contract covering the premises, 1011 east Canal street, in the city of Richmond, owned by the defendants and by them leased to the plaintiff on May 15, 1917, for the period of five years at a monthly rental of $179.17. The lease begun on September 1, 1917, and was to terminate August 31, 1922.

At the time the lease was made and signed, Morris & Company were occupying the premises, No. 1011, and the plaintiff, who was engaged in the storage business, was occupying Nos. 1015 to 1021 East Canal street and under their lease for these premises had the right to remain therein until September 30, 1917.

In the closing days of 1916, or early in 1917, Wyatt, the plaintiff and the lessee of the last named premises, was advised by T. C. Williams, Jr., the owner, that he had rented the premises to another tenant, the Spotless Company, possession to be given September *1*, 1917, which was 30 days before the expiration of the plaintiff's lease. Both Wyatt and the Spotless Company, therefore, had a lease on the same property for the month of September. This condition being the result of an error on the part of T. C. Williams, Jr., the latter agreed with plaintiff to have him vacate the premises on *September 1st* for a cash consideration of $750.00.

This contract was only incidentally connected with the lease between the parties to this action concerning No. 1011 east Canal street. It was conceded in the court below that, on September 1, 1917, these last named premises were by the terms of the lease to be delivered to plaintiff company by the owner, but as

Morris & Company had failed to vacate the building, it could not be delivered to Wyatt, and was not received by him until about October 1st. This delay in getting possession of No. 1011 east Canal street, made it necessary for plaintiff to arrange for the storage of the merchandise and other property which he had in Nos. 1015 to 1021 on September 1st, with such other storage warehouses as could be found. And as storage space was at that time much in demand by reason of the various war activities, the difficulties of the plaintiff were accordingly increased.

The loss and damage claimed by Wyatt is set forth in the following account and is the basis of this action upon which the jury rendered a verdict and the court entered judgment for $1,329.57.

*"Account.*

"W. S. Forbes and W. L. Boyd,

To Clarence Wyatt, trading as Bowman Transfer and Storage Warehouse Company.          Dr.

| | |
|---|---|
| 1917 Sept 4 to 15: To switching 21 cars, 2 at $4.00 ea. 19 at $5.00 ea_____$ | 122.00 |
| Sept. 8: To hire of 6 automobile trucks at $3.00 per hr. for six hrs_____ | 108.00 |
| To hire of 13 wagons at $1.00 per hr. for six hours_____ | 78.00 |
| Sept. 1 to Sept. 10: To pay of laborers employed in loading cars and moving merchandise around in old building_____ | 100.00 |
| Octo. 11: To extra laborers moving goods back into new warehouse_____ | 3.60 |
| To regular laborers employed by the week for same_____ | 79.00 |
| Octo. 15: Net loss in storage for month of September, after deducting all costs, etc_____ | 545.17 |

Nov. 26, 1917, to Nov. 11, 1918:
    To amounts paid Union Storage Ware-
        house for storage_____ $885.93

                                                $1,920.70."

The first assignment of error is based on the refusal
of the court to grant, at the instance of defendants,
instruction F, which is as follows:

"The court further instructs the jury that if they
believe from the evidence that the plaintiff had a lease
on the premises which he occupied during the month
of September, 1917, and that the Spotless Company
paid him, the plaintiff, the sum of $750 for damages
and injury caused the plaintiff by moving in on him,
the plaintiff, before the expiration of his said lease with
said Spotless Company; and that actual possession of
the premises leased from Forbes and Boyd was delivered
to the plaintiff on October 1, 1917, it was the duty of
the plaintiff to minimize the damages, and he cannot
recover in this action for the costs of moving, for the
loss of storage during the month of September, nor for
any amount plaintiff may have paid for storage."

It will be observed that at the time T. C. Williams,
Jr., agreed with Wyatt to vacate No. 1015-21, on
September 1st, in order that Spotless Company might
move in, neither Wyatt nor Forbes & Co. knew or had
any reason to believe that the premises No. 1011 would
not be delivered to defendant on September 1st, as pro-
vided in the lease of May 15, 1917, therefore the agree-
ment reached between Wyatt and T. C. Williams, Jr.,
based on a consideration of $750.00 bore no relation to
the contract with Forbes & Co. with whom he had a
lease beginning on the same day the other terminated.

As early as February, 1917, Golsan & Nash, rental
agents for T. C. Williams, Jr., opened negotiations with

defendant in error for the purpose of having them yield their rights in No. 1015-21 one month earlier than provided in the contract. These interviews led to the consummation of a contract with Forbes & Co. on May 15, 1917, covering No. 1011 east Canal street, possession to begin September 1st, which was the same time defendant had agreed to vacate the Williams property for which he was to be paid $750.00. Certainly at this time Forbes & Co. were in no way interested in the terms agreed upon by Wyatt and T. C. Williams, Jr., and neither Wyatt or Forbes & Co. had any reason to suspect that warehouse No. 1011 would not be delivered to Wyatt on September 1st as provided in the lease.

[1] It is apparent from a consideration of the foregoing facts that Forbes & Co. are not interested in the terms agreed upon between Wyatt and Williams, and that the trial court properly excluded same from the jury's consideration. Wyatt's contract with Williams had nothing to do with the contract with Forbes & Co.

Suppose Forbes & Co. had delivered the premises No. 1011 as provided in the lease, that could not be urged as a reason why Wyatt should not make such terms as could be agreed upon with a stranger to Forbes & Co. concerning a different piece of property and covered by an entirely separate and distinct lease.

[2] It is quite true that a litigant is entitled to only one recovery for the breach of a contract, and that whether paid by the party who breached it or by a stranger. This we understand to be the doctrine announced in *New York Bank Note Co.* v. *Kidder Press Mfg. Co.*, 192 Mass. 408, 78 N. E. 463, and may be accepted as a well established and recognized principle of law, but it has never been held, in so far as we have been able to discover, that a satisfaction paid by the offending party to a contract can be relied upon to

relieve another and entirely distinct offender from the consequences of a violation by him of an entirely different obligation.

[3] Instruction "F" is clearly erroneous in several particulars, but notably in that there is no evidence upon which to base it. The instruction is premised upon the Spotless Company having paid defendant in error $750.00 "for damages and injury caused the plaintiff for moving in on him, the plaintiff, before the expiration of his said lease, etc." The uncontradicted evidence is that the Spotless Company paid plaintiff nothing, for any purpose, and it would therefore have been error to have given the instruction.

Assignment of error No. 2 deals with the failure of the court to set aside the verdict of the jury because of errors of law embodied in the instructions, and because the verdict was contrary to the law and the evidence. Counsel for plaintiff in error in their brief seem to rely chiefly upon the insufficiency of the evidence to support the verdict of the jury.

That the jury was justified in returning a verdict for the plaintiff we have no hesitancy in affirming. The only question of difficulty is in determining whether or not the amount of the judgment can be sustained, giving to the jury's findings the well recognized weight to which they are entitled.

[4, 5, 6] The items enumerated in the plaintiff's account are all supported by sufficient evidence to sustain the verdict, with the possible exception of the charge of $545.17 under the title "net loss in storage for month of September, etc." This is admittedly, estimated profits, based upon the past results of an established business, and we are not prepared to say it is not a legitimate item for recovery—especially at a time when storage space was in great demand and warehouses unusually profitable.

"As a general rule the expected profits of a commercial business are too uncertain, speculative, and remote to permit a recovery for their loss. However, the loss of profits from the destruction or interruption of an established business may be recovered for if the amount of actual loss is rendered reasonably certain by competent proof; but in all such cases it must be made to appear that the business which is claimed to have been interrupted was an established one, that it had been successfully conducted for such a length of time, and had such a trade established that the profits thereof are reasonably ascertainable." *Whitehead* v. *Cape Henry Syndicate*, 111 Va. 195, 68 S. E. 263; *Atlantic Coast Realty Co.* v. *Townsend*, 124 Va. 490, 98 S. E. 684.

[7] It is likewise contended that the item of $885.93 for storage paid Union Storage Warehouse should not have been considered by the jury for the reason that plaintiffs were receiving from their customers storage charges which would offset the item under consideration.

It does not appear in the record what amount was being paid to plaintiffs for the storage of goods carried in the Union Storage Warehouse, but it does appear from the evidence that plaintiff was required to pay $885.93 for the space necessary to store his customer's goods, and that had he been given possession of No. 1011 east Canal street, as Forbes & Co. had agreed to do, he would have paid for the entire building $179.17 per month or $358.34 for the entire time the Union Storage Warehouse was being used at a cost of $885.93.

We are unable to say how the jury reached its conclusion as shown in its verdict of $1,329.57. The $591.13 less than the amount claimed may have been deducted from the storage item of $885.93 or it may have excluded the estimated profit item of $545.17

To speculate along this line would serve no purpose and bring us to no satisfactory conclusion.

The verdict of the jury not being plainly wrong, and having the sanction and approval of the trial court. will be here affirmed.

*Affirmed.*