## Richmond

T. L. MULLEN v. W. LAWRENCE BRANTLEY.

W. LAWRENCE BRANTLEY v. T. L. MULLEN.

April 23, 1973.

Record Nos. 8075 and 8076.

Present, All the Justices.

*Henry St. John FitzGerald (Tolbert, Lewis & FitzGerald on brief),* for plaintiff in error in Record No. 8075.

*John W. Edmonds, III (Langhorne H. Smith; Mays, Valentine, Davenport & Moore, on brief),* for defendant in error in Record No. 8075.

*John W. Edmonds, III (Langhorne H. Smith; Mays, Valentine, Davenport & Moore, on brief),* for plaintiff in error in Record No. 8076.

*Henry St. John FitzGerald (Tolbert, Lewis & FitzGerald, on brief),* for defendant in error in Record No. 8076.

I'ANSON, J., delivered the opinion of the court.

T. L. Mullen instituted this suit in the court below against W. Lawrence Brantley, seeking specific performance of a contract in writing entered into by the parties. After hearing evidence on the bill of complaint and the answer thereto, the court held that a contract existed between the parties and that it had been breached by Brantley's repudiation. However the court denied specific performance, and transferred the case to the law side of the court for a hearing to assess the amount of damages sustained by Mullen as a result of the breach of the contract.

On a later date the court heard evidence, without a jury, on the question of damages, and held that the measure of damages was "that amount of money which would compensate Mullen for having relied upon the contract . . . for so long as that reliance was legal and justified"; that Mullen was entitled to damages from the date of execution of the contract until it was breached by Brantley, a period of three months, and one additional month during the period of negotiations between the parties; and that Mullen would have earned a profit of $10,000 per month from the establishment and operation of a Shakey's Pizza Parlor at 4600 Duke Street, Alexandria, had he not relied on his contract with Brantley. Accordingly, a judgment for the sum of $40,000 was entered against Brantley.

Upon the petitions of both parties, we granted each of them a writ of error to the judgment.

Mullen contends that the court erred in holding that it was his duty to mitigate Brantley's liability, that he had failed in this duty, and that his damages should, therefore, be limited to $40,000.

Brantley contends (1) that the agreement between the parties was not sufficiently definite to constitute a binding contract; (2) that Mullen had not proved compliance with an express condition in the contract; and (3) that Mullen did not prove his damages with the certainty required by law.

Mullen and Brantley were both franchised operators of certain restaurants known as "Shakey's Pizza Parlors," which are a part of a national chain. Mullen operated a pizza parlor in Columbus, Georgia, and Brantley's business was located in Rockville, Maryland.

In the fall of 1967 Mullen obtained a franchise to establish a Shakey's Pizza Parlor in the Alexandria area, and he had obtained an option on a site at or near 4600 Duke Street, in the City of Alexandria. When Brantley learned of Mullen's plan he contacted Mullen and advised him that he had a franchise to establish a Shakey's Pizza Parlor in Ann-

andale, on Little River Turnpike, which is an extension of Duke Street, less than five miles from Mullen's proposed site. He suggested to Mullen that it would be in their mutual interest to discuss the feasibility of two Shakey's Pizza Parlors in such close proximity to each other. As a result of Brantley's communication, the parties entered into negotiations aimed at combining their separate interests into a single business venture and transferring Mullen's Alexandria franchise to another location. On November 15, 1967, after negotiations had begun, Mullen permitted his option on the Duke Street property to expire. Sometime during the fall of 1967 the parties learned that the Village Inn Pizza Parlor was planning to open on a site near Mullen's Duke Street site, and it did open for business on December 15, 1968.

On January 13, 1968, the parties entered into a written agreement which provided: (1) that Brantley would sell to Mullen one-half of his rights in the Annandale franchise, subject to the approval of Shakey's, Incorporated, and the parties would promptly proceed with the construction on the Annandale property in order to open the pizza parlor there as soon as possible; (2) that Mullen would sell to Brantley one-half of his interest in the Alexandria franchise and they would cause the franchise to be transferred to a site near Mt. Vernon, Virginia (which the parties later determined to be at Hybla Valley, approximately "ten miles" south of Alexandria) subject to the approval of Shakey's, Incorporated; (3) that on the date the Annandale pizza parlor opened for business, Brantley would sell to Mullen a one-fourth interest in his Rockville, Maryland, business, and when the Hybla Valley pizza parlor opened Brantley would sell to Mullen an additional one-fourth interest in the Rockville business; and (4) that the parties, at a later date, would form a corporation which would own and operate the Rockville, Annandale and Hybla Valley businesses, with Mullen owning one-half of all Brantley franchises and Brantley acquiring one-half of all Mullen franchises then assigned or that may be thereafter assigned to either of them by Shakey's, Incorporated, in the Washington, D.C., area.

Subsequently Brantley sought to have certain modifications made to the agreement of January 13, and offered to make a cash payment to Mullen for the modifications sought. However, the parties could not agree on the modifications. On April 12, 1968, Brantley notified Mullen in writing that he had decided to abrogate the agreement, and asked Mullen to advise him of the damages.

Mullen replied that he intended to adhere to the agreement and to

hold Brantley to it. All further attempts to compromise the dispute were to no avail.

The Hybla Valley site had been selected by the parties prior to Brantley's repudiation of the agreement, and it was opened for business by Mullen on September 15, 1969.

Shakey's Pizza Parlor operations have been highly successful except in certain areas of the country where the establishments were located too close together and thus proved to be financial failures.

Evidence of the profits derived from the operations of the Annandale, Hybla Valley and Rockville franchises and the average of Shakey's Pizza Parlors was presented, and it was the basis upon which the trial court arrived at Mullen's measure of damages. The profits from the Hybla Valley franchise were above the national average.

Brantley's contention that the agreement between the parties was not sufficiently definite to constitute a binding contract is clearly without merit and it does not require any discussion.

There is no merit in Brantley's contention that the failure of Mullen to obtain Shakey's approval of certain provisions of the contract prevented Mullen from maintaining this action. The obligation to obtain Shakey's approval was as much Brantley's as Mullen's. Since Brantley did not join Mullen in obtaining the approval, which was merely a matter of form, Brantley cannot now complain.

The crucial question in this case is the one raised by Brantley's assignment of error that Mullen had not proved his damages with that degree of certainty required by law.

When an established business, with an established earning capacity, is interrupted and there is no other practical way to estimate the damages thereby caused, evidence of the prior and subsequent record of the business has been held admissible to permit an intelligent and probable estimate of damages. *Forbes* v. *Wyatt*, 143 Va. 802, 809, 129 S.E. 491, 493 (1925); *Manss-Owens Company* v. *Owens & Son*, 129 Va. 183, 205, 105 S.E. 543, 550 (1921); *Krikorian* v. *Dailey*, 171 Va. 16, 30, 197 S.E. 442, 448 (1938). But where a new business or enterprise is involved, the rule is not applicable for the reason that such a business is a speculative venture, the successful operation of which depends upon future bargains, the status of the market, and too many other contingencies to furnish a safeguard in fixing the measure of damages. *Pennsylvania State Shopping Plazas* v. *Olive*, 202 Va. 862, 869, 120 S.E.2d 372, 377, 88 A.L.R.2d 1016, 1023 (1961); *duPont Co.* v. *Universal Moulded Products*, 191 Va. 525, 573, 62 S.E.2d 233, 255

(1950); *Whitehead* v. *Cape Henry Syndicate*, 111 Va. 193, 197, 68 S.E. 263, 264 (1910); *Sinclair Refining Co.* v. *Hamilton and Dotson*, 164 Va. 203, 211, 178 S.E. 777, 780, 99 A.L.R. 929, 934 (1935).

In *Pennsylvania State Shopping Plazas, supra,* we held that a judgment entered on a jury's verdict based on the loss of anticipated profits from the estimated number of gallons of gasoline that would be sold at the intended new service station site, although the plaintiff was an experienced service station operator with many stations in the area, could not be sustained on the ground that it was too speculative and conjectural. There the plaintiff's proper measure of damages was the value of the lease in excess of the agreed rent for the term and any expenses or costs which he may have reasonably incurred under the contract. 202 Va. at 866, 869-70, 120 S.E.2d at 378.

In the present case it was impossible to determine the profit, if any, Mullen would have derived from the operation of a Shakey's Pizza Parlor if he had established it on or near the Duke Street site. Both Mullen and Brantley apparently recognized that two Shakey parlors within close proximity of each other, and another pizza restaurant locating near the Duke Street site, would adversely affect their businesses. Indeed, the record shows that such has been the experience in other parts of the country and it has led to financial failures. Even though Shakey's Pizza Parlors are a part of a national chain, the establishment of such a pizza parlor at or near the Duke Street site would nevertheless have been a new business. The profits derived from the Annandale, Hybla Valley and Rockville franchises, and the national average of all Shakey's Pizza Parlors, do not present a reasonable basis upon which to judge with any degree of reasonable certainty what the profits would have been if Mullen had operated a Shakey's Pizza Parlor at the Duke Street site. The amount of business Mullen would have had at the Duke Street site, and the anticipated profits therefrom, could have been based only on speculation and conjecture.

We hold that Mullen's proper measure of damages could not be based on loss of anticipated profits from an unestablished business.

Since Mullen was not entitled to damages for loss of profits from the Duke Street site, we do not consider his argument that the trial court erred in limiting such profits to a four-month period.

In the present case, however, Brantley willfully and deliberately breached the contract and conceded that Mullen was entitled to some damages.

The law does not require a wrongdoer to be mulcted, but neither should he be permitted to escape the payment of all damages, when some damages have been shown, as a result of an erroneous determination of the proper measure of damages. See *Palmer* v. *Connecticut Ry. & Lighting Co.*, 311 U.S. 544, 560, *rehearing denied* 312 U.S. 713 (1941); *Wood* v. *Pender-Doxey*, 151 Va. 706, 713, 144 S.E. 635, 638 (1928).

The obligation to pay damages arising from an unexcused breach of a contract is implied by law. 17 Am.Jur.2d, Contracts, § 445, at 903-04.

Since the record shows that Brantley willfully and deliberately breached the contract and that Mullen suffered some damages, facts conceded by Brantley, we reverse the judgment and remand the case to the court below to determine Mullen's proven damages, exclusive of loss of profits from the Duke Street site. *Golf Club* v. *Briggs, Inc.*, 198 Va. 586, 592-93, 95 S.E.2d 233, 237-38 (1956).

*Reversed and remanded.*