The LaVAY CORPORATION; Gerard M. LaVay, Plaintiffs-Appellees,

v.

DOMINION FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellant,

and

William L. Walde; David A. Neal; James Winston Bray; William J. Dorn, Defendants.

The LaVAY CORPORATION; Gerard M. LaVay, Plaintiffs-Appellants,

v.

DOMINION FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellee,

and

William L. Walde; David A. Neal; James Winston Bray; William J. Dorn, Defendants.

The LaVAY CORPORATION; Gerard M. LaVay, Plaintiffs-Appellees,

v.

William J. DORN, Defendant-Appellant,

and

Dominion Federal Savings & Loan Association; William L. Walde; David A. Neal; James Winston Bray, Defendants.

Nos. 86–1699(L), 86–1703 and 86–1705.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1987.

Decided Oct. 2, 1987.

Rehearing and Rehearing En Banc Denied Nov. 6, 1987.

Philip Jon Harvey (Shaw, Pittman, Potts & Trowbridge, on brief); Waldemar J. Pflepsen, Jr. (Aaron L. Handleman; Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Washington, D.C., on brief), for appellants.

Carlton M. Green (Richard C. Daniels; Green, Loboudger & Daniels, Hyattsville, Md., on brief), for appellees.

Before WINTER, Chief Judge, HARVEY, Chief Judge, United States District Court for the District of Maryland, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Plaintiffs, The LaVay Corporation (LaVay) and Gerard LaVay, instituted this action in Maryland against defendants Dominion Federal Savings and Loan Association (Dominion), several officers of Dominion, and Dominion's attorney, William Dorn, alleging fraud, breach of contract, breach of fiduciary duty, interference with contract, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), stemming from the decision of Dominion to deny plaintiffs' request for a loan to finance acquisition and development of some Florida real estate. The Maryland district court, upon stipulation of the parties, transferred the case to the Eastern Virginia district court. Prior to trial, the Eastern Virginia district court dismissed plaintiffs' RICO claim. At trial, following the presentation of the plaintiffs' case, the district court directed a verdict for the individual defendants on all of plaintiffs' claims against the individual defendants. At the conclusion of the trial, the jury returned a verdict in favor of LaVay against Dominion on LaVay's claim of breach of fiduciary duty and awarded LaVay $1000 in compensatory damages and $750,000 in punitive damages. The jury also returned a verdict for LaVay on the claim of constructive fraud and awarded LaVay $80,000 in compensatory damages. The jury returned a verdict for defendant Dominion on all remaining claims, including the claims of plaintiff Gerard LaVay.

Following the filing of post-judgment motions, the district court, 645 F.Supp. 612 (E.D.Va.1986), granted Dominion's motion for judgment notwithstanding the verdict on LaVay's claim of constructive fraud on the ground that this claim was barred by the relevant statute of limitations.[1] The

---

1. LaVay does not challenge this order in this appeal.

district court also ordered, and LaVay accepted, a remittitur of the damage award on the breach of fiduciary duty claim to $250,000. Finally, the district court denied motions by defendant Dorn for Rule 11 sanctions and for an award of costs due to expert witness and deposition transcript fees.

Defendant Dominion appeals the award of punitive damages based on LaVay's claim of a breach of fiduciary duty. Defendant Dorn appeals the denial of his motion for sanctions under Rule 11 and the denial of costs for expert witness and deposition transcript fees. LaVay cross-appeals the district court's dismissal of its RICO claim, the district court's remittitur of the damage award, and the district court's ruling excluding evidence of lost profits from trial. We affirm the district court's orders that are challenged in LaVay's cross-appeal. With regard to defendant Dorn's appeal, we affirm the denial of expert witness fees but otherwise vacate the judgment of the district court and remand for further proceedings. With regard to the punitive damage award challenged in Dominion's appeal, we reverse.[2]

### I.

Gerard LaVay and LaVay (the corporation), both experienced commercial developers, decided to acquire 883 acres of property in Florida from Waterwood Homes Corporation to develop a mobile home retirement complex named the Savannah Club. In March 1983, LaVay entered into an option contract for the purchase of the Savannah Club property from Waterwood Homes. LaVay agreed to purchase the property by June 1, 1983, or within thirty days after Waterwood Homes obtained the final permits for development of the Club and deposited $50,000 to secure its option.

To finance the purchase and development of the Savannah Club, LaVay sought a loan of approximately thirteen million dollars from Dominion Federal Savings & Loan Association. During negotiations over the proposed loan, LaVay paid Dominion a $15,000 fee for a letter of commitment and

paid an appraisal company $5,000 to appraise the proposed project. LaVay and Dominion negotiated over the proposed financing for some time, but abandoned the negotiations in September, 1983. As a result, LaVay was unable to purchase and develop the Florida property that it desired. During the negotiations, attorney William Dorn represented Dominion.

Following cessation of the negotiations between LaVay and Dominion Federal, Waterwood Homes developed the land into a mobile home retirement complex after obtaining approximately six million dollars in financing from Ben Franklin Savings & Loan. Attorney William Dorn represented Ben Franklin Savings & Loan in this transaction.

LaVay and Dominion offer different reasons for the failure of their negotiations. Dominion contends that it withdrew from the project before any agreement was reached when it received a report that the project was worth only $10,900,000.00 which was insufficient value to support the proposed thirteen million dollar loan. LaVay contends that Dominion withdrew from financing the Savannah Club, following the formation of an oral agreement between the parties, in order to pocket the $15,000 for the letter of commitment and the $5,000 appraisal fee. LaVay also contends that Dominion withdrew from financing the Savannah Club in order to benefit Ben Franklin Savings & Loan, the firm that ultimately financed development of the Savannah Club by Waterwood Homes.

Plaintiffs instituted this action against defendants because of their denial of the loan to LaVay. Following transfer of the case and a series of motions and hearings, the Eastern Virginia district court dismissed plaintiffs' RICO claim. Prior to trial of the remaining claims, the district court excluded from trial evidence of lost profits by plaintiffs.

A trial was held, and at the end of the presentation of plaintiffs' case, the district court granted directed verdicts on all counts in favor of all defendants except

---

**2.** The $1,000 award of compensatory damages is not challenged in this appeal.

Dominion, thereby dismissing Dominion's directors and attorney from the case. After the conclusion of the trial, the jury returned a verdict in favor of LaVay on its claim of breach of fiduciary duty, awarding $1,000 in compensatory damages and $750,000 in punitive damages, and on its claim of constructive fraud, $80,000 in compensatory damages. The jury returned a verdict for defendant Dominion on all claims alleged by plaintiff Gerard LaVay and against LaVay on the remaining claims of actual fraud, breach of contract, and interference with contractual relations.

After post-judgment motions were filed, the district court granted Dominion's motion for judgment n.o.v. on LaVay's claim of constructive fraud because this claim was barred by the relevant statute of limitations. The district court also ordered a remittitur of the punitive damage award on the breach of fiduciary duty claim to $250,000 which plaintiff LaVay accepted rather than undergo a new trial. The district court also denied motions by defendant Dorn for Rule 11 sanctions, and for costs due to expert witness and deposition transcript fees. Defendants Dominion and Dorn appeal from these judgments, and Gerard LaVay cross-appeals on several other grounds.

## II.

■ A threshold issue in resolving the questions posed by this appeal is what body of state law governs this action. Plaintiffs originally filed this action in Maryland, basing their choice of venue on 28 U.S.C. § 1391(b), which provides that a civil action not founded on diversity of citizenship must be brought in the judicial district where all the defendants reside or in the judicial district in which the claim arose. Some of the defendants in this case, Dominion's officers and attorney, are residents of Virginia, while Dominion's place of business is a fact in dispute. Venue was improper in Maryland on the basis of the residency of the defendants because all of the defendants did not reside there. *Id;* 15 Wright & Miller, Federal Practice & Procedure § 3805. Venue in Maryland also could not be based on the locus of the plaintiffs' claim because the alleged misrepresentations and breaches occurred in Virginia. The parties subsequently stipulated to a change of venue to Virginia.

Because venue was improper in Maryland, transfer of the plaintiffs' action was required under 28 U.S.C. § 1406(a). A district court receiving a case under the mandatory transfer provisions of § 1406(a) must apply the law of the state in which it is held rather than the law of the transferor district court. *Manley v. Engram,* 755 F.2d 1463, 1467 n. 10 (11 Cir.1985); *Gonzalez v. Volvo of America Corp.,* 734 F.2d 1221, 1223–24 (7 Cir.1984); *Martin v. Stokes,* 623 F.2d 469, 472 (6 Cir.1980). Absent such a rule, plaintiffs could benefit from bringing an action in an impermissible forum, thereby encouraging filing of actions in states with substantive rules that favor the plaintiff. *Martin v. Stokes, supra,* at 472. Thus, the courts have generally concluded that a transferee district court under § 1406(a) must apply the law of its own state to avoid forum shopping by plaintiffs in jurisdictions in which venue is improper. Virginia law therefore governs this action.

## III.

■ Dominion challenges in this appeal the award of punitive damages on the ground that punitive damages are not authorized under Virginia law for the breach of the contractual duties of a partnership or, in the alternative, because the award was barred by the appropriate statute of limitations. It is a general rule that a breach of contract does not justify an award of punitive damages. *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.,* 798 F.2d 669 (4 Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1302, 94 L.Ed.2d 158 (1987). Virginia adheres to this rule. Under Virginia law, exemplary or punitive damages are not allowed for breach of contract irrespective of whether suit is brought *ex delicto* or *ex contractu.* However, where the breach amounts to an independent, willful tort, the plaintiff may assert a separate tort against the alleged

breaching party. *Kamlar Corp. v. Haley,* 224 Va. 699, 299 S.E.2d 514 (1983); *Goodstein v. Weinberg,* 219 Va. 105, 245 S.E.2d 140 (1978); *Wright v. Everett,* 197 Va. 608, 90 S.E.2d 855 (1956).

■ LaVay's claim of entitlement to punitive damages is clearly grounded on the theory that Dominion's breach of fiduciary duty amounted to an independent tort. LaVay contends that punitive damages were proper because Dominion wantonly disregarded the consequences of its actions despite its fiduciary duties as a partner and as a major financial institution. Whether or not this contention is supported by Virginia law, LaVay cannot rely on the three-year limitation period for breach of contract both as a matter of fact, as well as Virginia law, because its damage award depends on a characterization of Dominion's action as tortious. Va.Code § 8.01–246(4). The one-year limitation period in Virginia for personal actions for which no limitation is otherwise prescribed therefore bars the plaintiff's claim. Va. Code § 8.01–248. *See Pigott v. Moran,* 231 Va. 76, 341 S.E.2d 179 (1986) (§ 8.01–248 applies to action for constructive fraud).

■ Plaintiffs filed this action on September 13, 1985. The district court concluded that the limitation period began running more than one year before the filing of the plaintiffs' action when LaVay became aware in April, 1984, from an examination of land records, that Dominion's attorney Dorn had prepared loan documents for the Florida project for Ben Franklin. Prior to that time, in September, 1983, LaVay was informed that the proposed deal was dead and no loan would be made, causing LaVay to forfeit its deposit to the owners of the Florida real estate. In May, 1984, Gerard LaVay retained counsel to file this case. By May of 1984, LaVay, of necessity, was on notice of potential constructive fraud and breach of fiduciary duty. *See* Va.Code § 8.01–231. Thus, the limitation period for this action, at the latest, began running in May 1984, more than one year and three-months prior to the filing of this action. It follows that the Virginia one-year statute of limitations for actions in tort bars the plaintiff's award of punitive damages.

We are not persuaded by LaVay's argument that the appropriate limitation period for its claim began to run on October 1, 1984, when LaVay first learned that the Florida real estate in issue had been purchased by Ben Franklin Savings & Loan. At trial, LaVay contended that Ben Franklin had bought this property at the suggestion of an officer of Dominion who tipped a friend at Ben Franklin that a profitable development was available. The plaintiffs concluded that through this action Dominion breached its fiduciary duties to LaVay, and that Dominion breached an oral partnership agreement to develop the property with LaVay. While LaVay learned more information to develop its case in October, plaintiffs clearly had sufficient knowledge in May to put them on notice that they should consider pursuing their rights, as they began to do. Thus, the district court did not err in concluding that the limitations period began running, at the latest, in May, 1984.

■ On appeal, LaVay also argues that the appropriate limitation period is the five-year limitation period for injury to property, a limitation period normally applied to cases of trespass. Va.Code § 8.01–243. The flaw in this argument is identifying property belonging to LaVay which has been damaged. LaVay never acquired the Florida property, nor was the property itself damaged. See *Pigott, supra,* (constructive fraud in purchase of real estate is not injury to property for purposes of appropriate limitation period). LaVay characterizes the injury to its property as the injury to its partnership interest; but this argument goes too far, and we reject it. It converts every breach of partnership or contract into the equivalent of an injury to real property.

We therefore hold that the one-year limitation period of § 8.01–248 bars the claim for punitive damages due to Dominion's tortious acts. Therefore we need not consider Dominion's further contentions that the evidence in this case did not support an award of punitive damages or that the

plaintiffs' claim was barred by the Statute of Frauds.

## IV.

Defendant Dorn appeals the district court's orders denying his motions for sanctions under Fed.R.Civ.Pr. 11, denying him an award of costs for expert witness expenses, and denying him an award of costs for preparing certain deposition transcripts. We consider these issues seriatim.

### A.

■■■ Fed.R.Civ.P. 11 requires the imposition of sanctions upon lawyers or their clients who file pleadings which are not reasonably grounded in fact or law. *Cohen v. Virginia Electric and Power Co.*, 788 F.2d 247 (4 Cir.1986). Dominion's lawyer, Dorn, contends that the complaint filed in this action and subsequent filings alleged frivolous claims as they applied to him. The district court directed a verdict for Dorn after plaintiffs failed to present any evidence that he entered into or breached a fiduciary relationship with LaVay. In fact, evidence suggested that LaVay was aware that Dorn's only fiduciary duty was to his client Dominion.

The district court dismissed the motion for Rule 11 sanctions because it found there was no basis for finding "any frivolousness or any showing that this was a claim not well grounded in fact or law." This conclusion was premature because plaintiffs have yet to state any inquiry or facts which justified their filing a claim against Dorn. The district court should have developed some record on this issue to justify its conclusion regarding the objective basis for the plaintiffs' claims. While the directed verdict alone did not merit an award of sanctions, the plaintiffs were required to demonstrate some reasonable basis for their filings in regards to Dorn. The district court's conclusion was therefore improper because it was not based on any record of the inquiry, if any, made by LaVay. We vacate the district court's order denying sanctions and remand the case for consideration of whether there was a reasonable basis for the action against Dorn, and if not, consideration of a proper sanction.

### B.

■■ The district court denied plaintiff Dorn's request for expert expenses in excess of the statutory allowance of $30 per day for witness fees because Dorn failed to apply to the district court prior to retaining his expert. We need not consider the merits of the district court's basis for denying an award of expert fees because the Supreme Court has recently decided that expert witness fees, absent explicit statutory or contractual authority, are not taxable as costs in amounts exceeding the statutory limit for witness fees of $30 per day. *Crawford Fitting Co. v. J.T. Gibbons Inc.*, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, we affirm the judgment of the district court denying Dorn's request for expert witness fees.

### C.

■■■ Defendant Dorn also applied for the costs of obtaining deposition transcripts which were not introduced at trial. The district court rejected this application because of its practice of allowing costs only for depositions admitted at trial. The depositions were not admitted at trial because defendant Dorn won a directed verdict at the conclusion of the plaintiff's case. We think that denial of these costs was improper. The defendant could hardly be expected to delay preparation for trial until after presentation of the plaintiff's case. A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking. *Schmid v. Frosch*, 609 F.Supp. 490, 492 (D.D.Col.1985). Therefore, we vacate the order of the district court denying costs for these expenses and remand for consideration of whether these costs were reasonably necessary for preparation for trial at the time they were taken. If the district court finds that they were reasonably necessary, it should allow the costs.

## V.

Plaintiffs appeal the decision of the district court excluding evidence of lost profits, dismissing their claim under RICO, and ordering a remittitur. We discuss these issues seriatim.

## A.

 The district court granted Dominion's motion to exclude evidence of lost profits and rejected LaVay's requested jury instruction regarding lost profits. Lost profits are, of course, generally available to a plaintiff as damages in the successful prosecution of a claim for a breach of contract or a breach of fiduciary duty. *See* Restatement (Second) of Contracts § 351 (1979). Damages may not be awarded, however, where an award would be based on an estimate of lost profits which is speculative. *Id.* at § 352. The rule barring an award of speculative profits generally precludes damages for lost profits caused by harm done to a new business. *Coastland Corp. v. Third National Mortgage Co.*, 611 F.2d 969 (4 Cir.1979); *Mullen v. Brantley*, 213 Va. 765, 195 S.E.2d 696, 699–700 (1973). On this basis, the district court excluded evidence and rejected an instruction regarding lost profits for the Florida mobile home project because such profits would be speculative. We think that it ruled correctly.

## B.

 The district court dismissed LaVay's RICO claim because it failed to allege a pattern of racketeering. Plaintiffs' amended complaint alleged a pattern of racketeering against Dominion and Dorn based on predicate acts of mail fraud and wire fraud relating to the financing of LaVay's proposed real estate project. We need not reach the issue of whether dismissal was appropriate on the ground that these predicate acts failed to establish a pattern of racketeering activity, because LaVay is now precluded from asserting fraud in the transaction with Dominion. The district court dismissed the claims of fraud against Dorn, and the jury returned a verdict for Dominion on LaVay's claim of actual fraud. *See Hurley v. Beech Aircraft Corp.*, 355 F.2d 517 (7 Cir.1966), *cert. denied*, 385 U.S. 821, 87 S.Ct. 48, 17 L.Ed.2d 59 (1966) (on remand, plaintiff could not raise claim of breach of warranty because issue of defectiveness of aircraft was conclusively litigated). A RICO claim may not be based on a single noncriminal breach of fiduciary duty, for under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity.

## C.

Plaintiffs also contend that the district court erred in ordering a remittitur as to the jury's award of punitive damages on the breach of fiduciary duty claim. We need not consider this argument, however, since, as earlier stated, we hold that plaintiffs' claim for punitive damages for breach of fiduciary duty is barred by the applicable statute of limitations.[3]

To summarize, we affirm the district court's dismissal of LaVay's RICO claim, reverse the award of punitive damages against Dominion following remittitur of the damage award, and affirm the district

---

**3.** In challenging the remittitur of the award of punitive damages, plaintiffs also contend that a remand to the district court is appropriate because the district court entered judgment n.o.v. on LaVay's constructive fraud claim, thereby overturning a jury verdict of $80,000 in compensatory damages. Plaintiff suggests that the jury would have awarded this $80,000 under the breach of fiduciary duty claim if it had not been presented with the alternative constructive fraud claim which was subsequently dismissed as a result of the post-judgment verdict. We perceive two flaws in this argument. First, LaVay accepted a remittitur of its award of damages on the breach of fiduciary duty claim. Thus, it may not argue on appeal that the damage award on that claim should be modified. *Donovan v. Penn Shipping Co.*, 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977); *Call Carl, Inc. v. B.P. Oil Corp.*, 554 F.2d 623 (4 Cir.1977), *cert. denied*, 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977). Second, LaVay has not pointed to any error by the district court which would merit a remand, such as denying a motion for special verdicts to deal with a potential overlapping award. LaVay could have preserved its rights in this regard by suggesting such verdicts.

court's ruling excluding evidence of lost profits. We do not consider the correctness of the award of $1,000 to plaintiffs in compensatory damages. We affirm the district court's denial to defendant Dorn of an award of expert expenses. We vacate the orders of the district court denying Dorn an award of Rule 11 sanctions and costs due to deposition transcripts and remand for further consideration consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.