# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

· Elmore

v.

Alexandria Diamond Cab Co.

Case No. (Law) 11533

Jewell

v.

Alexandria Diamond Cab Co.

Case No. (Law) 11532

June 1, 1988

By JUDGE ALFRED D. SWERSKY

These consolidated matters are before the Court on Defendants' Motion for Judgment Notwithstanding the Verdict and, alternatively, for a new trial or a remittitur of damages. For the following reasons, the Motions for Judgment Notwithstanding the Verdict and for a remittitur will be denied. The Court will grant the Defendants' Motion for a new trial limited, however, to the issue of damages.

There is ample evidence in the record from which the jury could conclude that the Defendant is liable to the Plaintiffs for breach of contract and that portion of the jury verdict will be sustained. *Sampson v. Sampson*, 221 Va. 896 (1981).

Defendant complains that Plaintiffs' proof of damages was too speculative; that damages were barred in part by the applicable statute of limitations; and that Plaintiffs failed as a matter of law to properly mitigate their damages.

The proof of damages adduced by Plaintiffs was to compare their annual earnings to those of other cab drivers called as witnesses. Defendant properly objected to this evidence and to its sufficiency. Such evidence is insufficient to establish Plaintiffs' losses. It is speculative and does not present a reasonable basis upon which to judge with any degree of reasonable certainty what their profits would have been had Defendant not breached the contract. It is not clear from the record whether or not Plaintiffs were new in the cab business at the time of their association with Defendant; however, this case is analogous with *Mullen v. Brantley*, 213 Va. 765 (1973). There the Supreme Court held that proof of profits derived from other similar businesses was not sufficient to show what would have been made had a new business been started. Therefore, Plaintiffs' proof as to their losses is insufficient, and the verdict must be set aside. Since, however, there is evidence of the breach of contract by Defendants and an obligation to pay damages arises by virtue of that breach, a new trial will be ordered as to damages rather than a final judgment entered for Defendant. *See, Mullen v. Brantley*, 213 Va. 765, 770 (1973).

The Defendants' claim that part of the damages are barred by the statute of limitations will be denied. While the contract between the parties called for periodic payments by Plaintiffs (stand rent) in return for services from Defendant, the contract did require a continuation of services by both parties. Thus, the cause of action accrues at the time of termination of the contract. *See, Wood v. Carwile*, 231 Va. 320 (1986), which distinguishes *Riverview Land Co. v. Dance*, 98 Va. 239 (1900), relied upon by Defendant. Since the cause of action did not accrue until termination, the plea that a portion of the damages are time-barred must be denied.

Defendants' argument that Plaintiffs failed to properly mitigate their damages will be denied without prejudice to Defendants' right to present evidence and to argue the failure to mitigate at the retrial of this case.