912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NEW YORK CARPET WORLD, INC., Plaintiff-Appellant,
v.
Michael GRANT, Grant Enterprises, d/b/a Michael's Carpet
World, a Virginia corporation, Defendants-Appellees,
and
Courtland Manufacturing Co., Inc., a Virginia corporation
jointly and severally, Casey Arden, Tommy L.
Martin, Edward Roakes, Sandra Jarels, Defendants.
 No. 89-2771.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Aug. 28, 1990.
As Amended Sept. 19, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Jackson L. Kiser, District Judge. (CA-87-164-L)
 Brian Gail Shannon, Jaffe, Snider, Raitt & Heuer, P.C., Detroit, Mich., (argued), for appellant; Jeffrey G. Heuer, Jaffe, Snider, Raitt & Heuer, P.C., Detroit, Mich., Leighton Summerson Houck, Caskie & Frost, P.C., Lynchburg, Va., on brief.
 James Clifford Reeves, III, Lynchburg, Va. for appellees.
 W.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, Sitting by Designation, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The questions presented in this case are whether the district court erred by (1) finding appellant's evidence of lost profits speculative, (2) dismissing appellant's tortious-interference-of-business-expectancy claim, and (3) awarding appellant only $10,000 in punitive damages. We find no error on the part of the court below. The judgment is affirmed.
 
 
 2
 * Michael Grant worked for appellant New York Carpet World (NYCW) as its regional supervisor for the western Virginia area. In January of 1986, NYCW decided to move its then-existing store in Lynchburg from its site on Old Forest Road to a larger site approximately five miles away. The new store located on Ward Road would open in July of 1987.
 
 
 3
 In January of 1987, Marvin Berlin, NYCW's chief operating officer, asked Grant to look into the possibility of renewing the lease of the old store on Old Forest Road. Berlin thought NYCW might want to sublet the space and thereby control who would occupy it. Grant relayed two offers from the landlord to Berlin. Berlin rejected the first one. He did, however, say he would consider the second offer which was made February 3, 1987. In mid-March of that year, Berlin asked Grant whether he could find a tenant for the old site if NYCW renewed the lease. Grant responded that he believed Courtland Manufacturing Company had already leased the property for use as a factory outlet. Grant misrepresented the lease situation to Berlin as he had made an oral agreement with the landlord to lease the property himself several weeks earlier.
 
 
 4
 Grant signed a lease on April 16, 1987, for the Old Forest Road site with Courtland as a guarantor. He then proceeded to form a corporation--Grant Enterprises, Inc.--to operate a carpet store from that site. Later, in his capacity as an employee of NYCW, he volunteered to supervise the dismantling of the NYCW store on Old Forest Road. His supervisors at NYCW had not then learned that Grant was the next lessee of the property. While supervising that operation, Grant left $10,060 of property on the premises--property that could be used and was ultimately used in his future carpet store. He left this property despite orders to strip the site to the walls. On August 10, 1987, Grant Enterprises, Inc., moved into the former NYCW store on Old Forest Road. Grant quit his job with NYCW and opened his carpet store for business approximately one month later.
 
 
 5
 New York Carpet World brought this action against Grant and Grant Enterprises in the United States District Court for the Western District of Virginia.[1] In its complaint, NYCW alleged unfair competition, tortious interference with contracts, misappropriation of trade secrets, breach of fiduciary duties, fraud, service mark infringement, conversion and conspiracy. Grant counterclaimed, alleging that NYCW owed him $9,100 in compensation.
 
 
 6
 The court,[2] sitting without a jury, granted judgment in favor of NYCW. It found that Grant had breached a duty of loyalty in March of 1987 by misrepresenting to Berlin the status of the lease negotiations. The breach, however, had not harmed NYCW because it had failed to show that it would have leased the property had the breach not occurred. The court also found that Grant had tortiously converted $10,060 worth of appellant's property while supervising the dismantling of the old store. The court awarded $10,060 compensatory damages to NYCW: it found NYCW's evidence of lost profits too speculative to justify compensation. The court also awarded appellant $10,000 punitive damages, finding that Grant had acted with malice when he willfully converted appellant's property.
 
 II
 
 7
 New York Carpet World now appeals the judgment arguing it was entitled to at least $100,989.20 and possibly $437,086 damages. It first argues that the district court erred in finding its claim of lost profits from Grant's breach of loyalty too speculative to warrant compensation. We see no error in this finding. NYCW relies upon Berlin's testimony that the new store on Ward Road would have generated more profits had Grant not set up the competing store. As the court below noted, this testimony was simply a projection of profits based on the past profits of the Old Forrest Road store. NYCW simply increased the figures from these past profits on the assumptions that the new store should be making more money than the old one and that Grant's store was taking customers. NYCW offered no concrete evidence to support these assumptions. The district court correctly noted that under Virginia law profit records from related businesses at different sites cannot be relied on as accurate measure of what the profits of a new business might have been for the purpose of awarding damages. Mullen v. Brantley, 213 Va. 765, 195 S.E.2d 696 (1973). Furthermore the court found that Berlin's testimony on this matter was "totally unconvincing." New York Carpet World v. Grant, No. 87-1064-L, slip op. at 3 (W.D.Va. July 18, 1989). Of course, a plaintiff has the burden of proving damages that are claimed: NYCW failed to meet this burden on the issue of lost profits, and the district court did not err in refusing to award them.
 
 
 8
 Next NYCW challenges the dismissal of its tortious-interference-of-business-expectancy claim. It does so by challenging the court's finding that NYCW was not certain to have renewed the lease had Grant not misrepresented the status of the lease to Berlin. The elements of a cause of action for tortious interference with a business expectancy are: (1) a valid business expectancy with a probability of a future economic profit; (2) defendant's knowledge of the expectancy; (3) a reasonable certainty that absent the defendant's misconduct, the plaintiff would have realized the expectancy; and (4) damage to the plaintiff. Glass v. Glass, 228 Va. 39, 321 S.E.2d 69 (1984); Chaves v. Johnson, 230 Va. 112, 335 S.E.2d 97 (1985). The district court found that the third element of this cause did not exist in NYCW's action.
 
 
 9
 The only evidence offered to prove that NYCW would have renewed the lease was Berlin's testimony. The court found the testimony on this issue unconvincing. New York Carpet World, slip op. at 3 (July 18, 1987). We give a district court's credibility determination special weight because the trial court is better able to observe the demeanor of the witness than we are. The record shows that Berlin was considering the lease terms offered in early February, and that Grant made his misrepresentation in March. We see no error in concluding from these facts that it is uncertain whether NYCW would have renewed the lease without Grant's misrepresentation.
 
 III
 
 10
 Finally, appellant attacks the court's award of punitive damages as grossly inadequate in light of Grant's conduct.[3] We disagree. Under Virginia law, punitive damages should be reasonably proportionate to the damage inflicted. See Gazzette v. Harris, 229 Va. 1, 325 S.E.2d 713, cert. denied, 472 U.S. 1032 (1985). The district court is in the best position to assess the seriousness of both the wrong committed and the injury inflicted. We normally defer to its judgment unless presented with extraordinary circumstances, none of which are present in this case.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 NYCW later filed claims against Courtland Manufacturing Company, but Courtland is not a party to this appeal
 
 
 [2]
 The Honorable Jackson L. Kiser, United States District Judge for the Western District of Virginia
 
 
 [3]
 Grant has not cross-appealed the court's imposition of punitive damages upon him