**J.T. GIBBONS, INC.,**
**Plaintiff-Appellant,**

v.

**CRAWFORD FITTING COMPANY, et al., Defendants-Appellees.**

No. 84–3332.

United States Court of Appeals,
Fifth Circuit.

June 2, 1986.

John I. Alioto, Joseph L. Alioto, Alioto & Alioto, Lawrence G. Papale, San Francisco, Cal., for plaintiff-appellant.

Dando B. Cellini, McGlinchey, Stafford & Mintz, New Orleans, La., for Crawford Fitting & Lennon.

---

**86.** *See* Note, Contingent Fees for Expert Witnesses in Civil Litigation, 86 Yale L.J. 1680, 1680 n. 1, 1681 n. 4 (1977).

Ernest P. Mansour, Cleveland, Ohio, Victoria L. Knight, New Orleans, La., for Crawford.

Dale, Owen, Richardson, Taylor & Matthess, Thomas E. Balhoff, Baton Rouge, La., for Capital Valve & Fitting Co.

Charles E. Hamilton, III, New Orleans, La., for Thomas Read & Co.

Before CLARK, Chief Judge, GOLDBERG, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL and JONES, Circuit Judges.[*]

RANDALL, Circuit Judge:

This case involves the application of the rule announced today in *International Woodworkers of America v. Champion International Corporation*, No. 83–4616, 790 F.2d 1174 (5th Cir.1986). The plaintiff, J.T. Gibbons, Inc. ("Gibbons"), brought suit against the defendants, Crawford Fitting Company, and others (collectively "Crawford"), alleging antitrust violations. At the conclusion of the evidence, the district court directed a verdict against Gibbons, 565 F.Supp. 167, which was affirmed by a panel of this court on appeal. 704 F.2d 787. Crawford, on behalf of all defendants, filed a Bill of Costs with the District Clerk. The Clerk taxed all costs requested by Crawford with

the exception of certain expert witness' fees, and attorneys' fees and expenses incurred in connection with a deposition taken by Crawford in Scotland. Both Gibbons and Crawford contested the Clerk's assessment of costs in the district court. Following a hearing, the district court altered the Clerk's assessment and awarded Crawford over $151,000, including expert witness' fees, and attorneys' fees and expenses for the Scotland deposition. 102 F.R.D. 73.

A panel of this court sustained the district court's award of costs to Crawford for audio-visual equipment and assistance; for copies of depositions noticed by Gibbons; for daily trial transcripts; and for Crawford's expenses and attorneys' fees in connection with the Scotland deposition. 760 F.2d 613. The panel opinion, however, reversed the district court's award of expert witness' fees in an amount greater than that prescribed by 28 U.S.C. § 1821. This court voted to rehear the case en banc, thereby vacating the panel opinion. *See* Fifth Circuit Local Rule 41.3.

At the outset, we reinstate Parts I through III of the panel opinion.[1] The remainder of the panel opinion, Part IV, is superseded in its entirety by this opinion.

After consideration of the principles set forth in *International Woodworkers of America,* we reverse the district court's award of witness' fees in excess of the amount allowed by 28 U.S.C. § 1821. 15 U.S.C. § 15[2] provides for the award of

---

[*] Due to his death on March 27, 1986, Judge Albert Tate, Jr. did not participate in this decision.

1. Part III(b) of the panel opinion, addressing the district court's award of costs for daily trial transcripts and transcript copies of depositions, cites *Copper Liquor Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982) (*Copper Liquor III*), *modified on other grounds en banc,* 701 F.2d 542 (5th Cir.1983), overruled in part in *International Woodworkers of America, ante.* The cited portion of *Copper Liquor III* indicates that the costs for transcript copies of depositions are recoverable under 28 U.S.C. § 1920(2). Section 1920(2) literally provides for recovery of the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." In *United States*

*v. Kolesar,* 313 F.2d 835, 837–38 (5th Cir.1963), we held that "[t]hough § 1920(2) does not specifically mention a deposition, we agree with prior decisions suggesting that depositions are included by implication in the phrase 'stenographic transcript.'" Thus we reinstate the panel's reliance on a portion of *Copper Liquor III* not reversed by us stating that costs for transcript copies of depositions may be recoverable under § 1920(2) if "necessarily obtained for use in the case."

2. 15 U.S.C. § 15 provides:
Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is

attorneys' fees and the costs of suit to a prevailing plaintiff. Crawford, as a prevailing *defendant,* cannot fit within this statute. In addition, we agree with the Second, Sixth and Seventh Circuits that 15 U.S.C. § 15 does not authorize the taxing of excess expert witness' fees as costs. *See Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263, 309 n. 75 (2d Cir.1979), *cert. denied,* 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 738 (1980); *Ott v. Speedwriting Publishing Co.,* 518 F.2d 1143, 1149 (6th Cir.1975); *State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864–65 (7th Cir.1981). As discussed in *International Woodworkers of America, ante,* Congress knows full well how to provide for the recovery of excess expert witness' fees as costs. That Congress did not do so in 15 U.S.C. § 15 is clear. To the extent that *Copper Liquor Inc. v. Adolph Coors Co.,* 684 F.2d 1087 (5th Cir.1982), *modified on other grounds en banc,* 701 F.2d 542 (5th Cir.1983), held otherwise, it is overruled. Crawford does not claim an exception to the American Rule. We thus reverse the district court's assessment of expert witness' costs and remand to the district court for reassessment of costs consistent with this opinion.

REVERSED and REMANDED.

ALVIN B. RUBIN, Circuit Judge, with whom GOLDBERG, JOHNSON, and JERRE S. WILLIAMS, Circuit Judges join, dissenting, for the reasons set forth in Judge RUBIN's opinion concurring in the result of *International Woodworkers of America v. Champion International Corporation,* 790 F.2d 1174 (5th Cir.1986).