Lorena AGREDANO, Plaintiff–Appellant,

v.

MUTUAL OF OMAHA COMPANIES; United of Omaha Life Insurance Company; United Broadcasting Company, Defendants–Appellees.

No. 94–55714.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 1995.*

Decided Jan. 30, 1996.

As Amended March 29, 1996.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34–4.

Gary L. Tysch, Law Offices of Leibovic & Tysch, Upland, California, for plaintiff-appellant.

Firouzeh Liann Gohari, Steven Allen Meadville, Vogt, Meadville & Swallow, Woodland Hills, California, for defendants-appellees.

Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.

## OPINION

KOZINSKI, Circuit Judge.

This is the postscript to Lorena Agredano's lawsuit against Mutual of Omaha Companies, United of Omaha Life Insurance Company, and United Broadcasting Company PPO Plan. Agredano alleged these defendants violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., and state law, by refusing to reimburse her for the cost of her breast cancer treatment. The district court held a bench trial and, at the close of the evidence, indicated it would rule for Agredano. Before the court entered judgment, however, the parties settled the dispute—the dispute that gave rise to the lawsuit, that is.

The parties did not settle the issue of defendants' liability to Agredano for attorney's fees and costs. Agredano eventually filed a motion in the district court seeking to recover, as costs, approximately $10,000 for professional fees paid to her expert witnesses. She relied on ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), which authorizes cost-shifting in ERISA actions brought by plan participants and beneficiaries.[1] The district court denied Agredano's motion, stating that "[t]here is no right to expert witness fees under ERISA." ER Tab 11, at 5. Agredano appeals this ruling.

The Supreme Court has held that "absent contract or explicit statutory authority to the contrary," a federal court may not shift expert witness fees, except in the amount allowed by 28 U.S.C. § 1821(b). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987). That amount is now $40 per witness does not apply in actions brought by plan participants and beneficiaries; it is not before us.

---

** The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation.

1. ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), also authorizes cost-shifting, but

per day. *See* 28 U.S.C. § 1821(b).[2] Agredano doesn't claim any contractual right to recover expert witness fees. Nor does she contend that ERISA authorizes recovery of such fees by its terms: Section 502(g)(1) provides only for "a reasonable attorney's fee and costs of action." [3]

Agredano's argument is that section 502(g)(1)'s allowance for "costs of action" is an "explicit statutory authority" for shifting expert witness fees within the meaning of *Crawford Fitting*. She points to 28 U.S.C. § 1920, which catalogues the items a judge or clerk may tax as "costs." [4] Section 1920(3), she observes, specifically makes fees for party-appointed witnesses taxable as a "cost." She also points to *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 99, 111 S.Ct. 1138, 1147, 113 L.Ed.2d 68 (1991), where the Supreme Court suggested that a statute authorizing a court to shift "reasonable litigation expenses" would satisfy *Crawford Fitting*. According to Agredano, it follows that a statute allowing a court to shift "reasonable costs of action" would also satisfy *Crawford Fitting*. Therefore, she concludes, we must hold that she's entitled to recover reasonable expert witness fees.

■ What's missing from this picture is a statute that actually allows a court to shift the "reasonable costs of action." To be sure, section 502(g)(1) allows the court to shift "a reasonable attorney's fee and costs of action." But the word "reasonable" in section 502(g)(1) is snugly wedged between the article "a" and the term "attorney's fee." It's thus fairly clear, as a linguistic matter, that "reasonable" in section 502(g)(1) modifies only "attorney's fee," and not also "costs of action."

We do not suggest, of course, that section 502(g)(1) authorizes courts to award unlimited—including unreasonable—costs of action. Nor do we consider it necessary or proper for us to engraft a "reasonableness" limitation onto the term "costs of action" to avoid this absurd result. Congress plainly knows how to subject "costs" as well as "attorney's fees" to a standard of reasonableness when it wishes to do so. *See, e.g.*, 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act allows "reasonable attorney fees and other litigation costs reasonably incurred"). There is available, moreover, a perfectly sensible, alternative construction of section 502(g)(1): We may construe its allowance for "costs of action" as empowering courts to shift only the types of "costs" a court may tax under 28 U.S.C. § 1920,[5] and only the amounts of those costs a court may tax under section 1920, under 28 U.S.C. § 1821 or under other relevant provisions, *see, e.g.*, 28 U.S.C. § 1921 (marshal's fees).

We find *Crawford Fitting* instructive. The Supreme Court there considered the mean-

---

**2.** 28 U.S.C. § 1821(b) provides:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

**3.** Section 502(g)(1) provides:

In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1).

**4.** 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**5.** Indeed, some of our language in *Downey Community Hospital v. Wilson*, 977 F.2d 470 (9th Cir.1992), suggests we there concluded that expert witness fees are not available under section 502(g)(1) "except as provided in 28 U.S.C. § 1920." *Id.* at 474.

ing of the word "costs" as used in Rule 54(d)(1) of the Federal Rules of Civil Procedure. Under Rule 54(d)(1):

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....

The party claiming expert witness fees in *Crawford Fitting* argued that Rule 54(d)(1) authorized a court to shift costs in addition to those listed in 28 U.S.C. § 1920 and, more importantly, to shift witness fees (a type of cost enumerated in section 1920(3)) in excess of the amount authorized by 28 U.S.C. § 1821(b). *Crawford Fitting*, 482 U.S. at 441, 107 S.Ct. at 2497. The Supreme Court squarely rejected these arguments, reasoning instead:

> The logical conclusion from the language and interrelation of these provisions is that § 1821 specifies the amount of the fee that must be tendered to a witness, § 1920 provides that the fee may be taxed as a cost, and Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs.

*Id.* We believe the term "costs" in section 502(g)(1)—unadorned as it is by any modifier like "reasonable" or "necessary"—is best construed as encompassing those costs authorized by sections 1920, 1821 and other such provisions. *See West Virginia University Hospitals*, 499 U.S. at 87 n. 3, 111 S.Ct. at 1141 n. 3 (the word "costs" in a fee-shifting statute "is to be read in harmony with the word 'costs' in 28 U.S.C. § 1920").

■ Agredano argues that this construction renders superfluous section 502(g)(1)'s explicit allowance for "costs of action" because such costs are already allowed by Rule 54(d)(1). She is no doubt referring to the canon of statutory construction which holds that terms of the same statute are not to be construed so as to be redundant. *See, e.g., Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir.1991). This canon is based on the presumption that Congress is aware of each term of a statute that is before it and would not knowingly pass two provisions that do precisely the same thing. There is no

similar presumption where the terms appear in different statutes enacted at different times. We do not presume that when Congress legislates it has firmly in mind every term of every pre-existing statute and every judicial interpretation thereof. Agredano's argument runs counter, moreover, to the rationale of *Crawford Fitting*, which held that Rule 54(d)(1)'s allowance for "costs" doesn't authorize expert witness fees except to the extent allowed by sections 1920(3) and 1821(b). We see no reason to conclude that section 502(g)(1)'s bare allowance for "costs of action" does more.

Agredano also argues that ERISA's general "remedial" orientation militates in favor of construing section 502(g)(1) to give courts discretion to shift reasonable expert witness fees. This subsection, however, empowers a court to award costs of action "to either party." Therefore, adopting a more expansive view of a court's power to shift expert witness fees under its authority may work against plaintiffs as well as for them.

■ We therefore hold that section 502(g)(1)'s allowance for "costs of action" empowers courts to award only the types of "costs" allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions. *See also Holland v. Valhi, Inc.*, 22 F.3d 968, 979–80 (10th Cir.1994) (section 502(g)(1) doesn't authorize courts to shift expert witness fees except to the extent allowed by 28 U.S.C. §§ 1920 and 1821). Finally, we note that the district court denied Agredano's motion for expert witness fees in its entirety, rather than considering whether to exercise its discretion and award her witness fees to the extent allowed by 28 U.S.C. §§ 1920(3) and 1821(b). Agredano, however, has not sought reversal on this narrow ground. We therefore do not disturb the district court's judgment.

**AFFIRMED.**