Ronald E. HALL, Plaintiff,

v.

OHIO EDUCATION ASSOCIATION,
et al., Defendants.

No. C–2–92–384.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 5, 1997.

John S. Marshall, Columbus, OH, for plaintiff.

Willis L. Reasoner III, Habash Reasoner & Frazier, Columbus, OH, for defendants.

### *OPINION AND ORDER*

KINNEARY, District Judge.

This matter is before the Court on Defendants' application for costs and attorneys' fees. Defendants successfully defended

---

1. Defendants originally requested fees in the amount of $117,110. (Doc. # 78 at 1.) Subsequently, Defendants reduced the amount they

Plaintiff's action brought under ERISA. Defendants apply, pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1) and 29 U.S.C. § 1132(g)(1), for costs in the amount of $5,800.12. Defendants also apply, pursuant to Rule 54(d)(2) and 29 U.S.C. § 1132(g)(1), for attorneys' fees in the amount of $115,278.75 [1] charged by Defendants' counsel, Baker and Hostetler, LLP. Plaintiff opposes this application. For the reasons set forth below, the Court DENIES Defendants' application for costs and attorneys' fees.

## I. COSTS

### A. Standard of Review

Defendants apply for costs under 29 U.S.C. § 1132(g)(1) and Rule 54(d)(1). Rule 54(d)(1) states that: "Except [when expressly provided by statute], costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d)(1). Section 1132(g)(1) of Title 29, United States Code, states that at the termination of an ERISA case, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (1996).

In construing these standards together, 29 U.S.C. § 1132(g)(1) allows the court to award those costs of action usually allowed under 28 U.S.C. § 1920 (1996). *Cf. Agredano v. Mutual of Omaha Cos.,* 75 F.3d 541, 544 (9th Cir.1996). Thus, the Court will examine section 1920 to determine what costs Defendants may recover.

In section 1920, Congress provided for the taxation of certain specific litigation costs, including:

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; [and]

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case....

---

requested by $1,831.25. (Doc. # 81 at 6; *id.,* Ex. B at ¶ 6.) Thus, the total amount of attorney's fees claimed by Defendant is $115,278.75.

28 U.S.C. § 1920. When taxing these costs, the court must exercise its discretion and only allow taxation of costs for materials "necessarily obtained for use in the case" in an amount that is reasonable. *Id.; see also Berryman v. Hofbauer,* 161 F.R.D. 341, 344 (E.D.Mich.1995). In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *See id.; Griffith v. Mount Carmel Med. Ctr.,* 157 F.R.D. 499, 502 (D.Kan.1994).

Once the prevailing party establishes that the expenses are authorized by applicable federal law, Rule 54(d)(1) generally favors the prevailing party. In pursuing costs under Rule 54(d)(1), the Sixth Circuit held that the "prevailing party is prima facie entitled to costs and it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption." · *Lichter Found., Inc. v. Welch,* 269 F.2d 142, 146 (6th Cir.1959); *see also Lewis v. Pennington,* 400 F.2d 806, 819 (6th Cir.1968). One such set of circumstances where the presumption would be overcome would be where "the amount of taxable costs actually expended were unnecessary or unreasonably large under the circumstances...." *Lewis,* 400 F.2d at 819. Another set of circumstances where the denial of costs is proper occurs in "cases that are 'close and difficult.'" *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986) (citing *United States Plywood Corp. v. General Plywood Corp.,* 370 F.2d 500, 508 (6th Cir.1966).) Therefore, if Defendants establish that the expenses are both necessary and reasonable, the Court will presume that Defendants should be awarded those costs.

### B. Depositions and Copying

The Court first will examine the Defendants' request for $1523.40 in duplicating expenses and $752.00 in transcript expenses. These expenses are specifically allowable by 28 U.S.C. § 1920. Defendants, however, have given the Court no basis to analyze the reasonableness of their request or the necessity of the costs for which taxation is sought other than a sworn statement by Defendants' counsel. The affidavit states that the list of costs is "accurate, reasonable and necessarily incurred" in this case. (Doc. # 78 Ex. B. ¶ 12.)

In examining the expenses incurred for the depositions, the court finds these expenditures are not recoverable. In order to be compensable, depositions must be reasonably necessary for use in the case. *See Kaimowitz v. Howard,* 547 F.Supp. 1345, 1352–53 (E.D.Mich.1982), *aff'd* 751 F.2d 385 (6th Cir.1984) Depositions are not ordinarily taxable, however, when used for purposes of investigation or preparation for trial. *See Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348, 351 (E.D.Mich.1982). Because Defendant has failed to provide any evidence as to the necessity of the deposition at trial and because the deposition appears to have been used for discovery purposes, the Court will not allow Defendants to recover for the deposition expenses.

Next, Defendants wish to recover expenses for copying. Duplication of exhibits is a taxable item. *See Bass v. Spitz,* 522 F.Supp. 1343, 1359 (E.D.Mich.1981). Defendants, however, provide no information about what was copied or how the copies were used. Further, Defendants did not give the Court any information to determine the necessity of the photocopies. Thus, the Court will disallow Defendants' request to recover duplication expenses. *See Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.,* 133 F.R.D. 481, 484 (E.D.La. 1990); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1098–99 (5th Cir.1982), *modified on other grounds,* 701 F.2d 542 (1983) (en banc), *overruled in part on other grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 790 F.2d 1193 (5th Cir.1986) (en banc), *aff'd* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Consequently, Defendants' request for deposition and copying costs is **DENIED.**

### C. Other Costs

Defendants submit an application for recovery of phone calls, online research, delivery services (both internal and external), legal assistant's fees, filing fees and postage. The statute does not expressly allow recovery for most of these items.

In examining Defendants' costs incurred in using automated research, the

Court notes that these costs appear to be excessive. In 1992, Defendants' counsel spent $157.94 in online research costs; in 1993, $2,071.71; in 1994, $234.84; and in 1995, $385.54. The total for these research costs is $2,850.03. The Court finds that Defendants have failed to prove why those costs are necessary. Accordingly, the Court will not allow those costs. *Cf. Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer Auth.*, 110 F.R.D. 78, 83 (D.P.R.1986); *El–Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 391 (D.D.C.1995).

■ Furthermore, the Court will not allow Defendant to recover expenditures for phone calls, delivery services (both internal and external), and postage. These expenditures are not expressly provided for by statute. Indeed, the overwhelming weight of authority have declined to award costs for courier services, postage, telephone or fax charges. *See, e.g., id.; In re Penn Cent. Transp. Co.*, 630 F.2d 183, 192 (3d Cir.1980); *Wahl v. Carrier Mfg.*, 511 F.2d 209, 217 (7th Cir.1975); *Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D.Pa.1992). Thus, the Court will not allow Defendants to recover those costs.

■ Defendants have further failed to identify the necessity for the legal assistant's fees, nor have they identified why they incurred $72.00 in filing fees. These costs similarly will be disallowed. *Cf. Howard Co.*, 110 F.R.D. at 83.

Therefore, the Court **DENIES** Defendants' motion for costs.

## II. ATTORNEY'S FEES

■ Defendants also move pursuant to Rule 54(d)(2), as well as 29 U.S.C. § 1132(g), for attorney's fees in the amount of $115,278.75. Rule 54(d)(2) allows parties to bring claims for attorney's fees upon motion. As noted above, 29 U.S.C. § 1132(g) states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). When exercising its discretion, a trial court should consider the following factors:

(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other person under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985) (adopting Tenth Circuit's test formulated in *Eaves v. Penn*, 587 F.2d 453 (10th Cir.1978)); *see also Tiemeyer v. Community Mut. Ins. Co.*, 8 F.3d 1094, 1101 (6th Cir.1993). As noted in *Tiemeyer*, the Sixth Circuit expounded on the relevant analysis as follows:

We believe that the broad wording of the statute has the effect of repealing the American Rule in ERISA cases and permitting the federal courts to devise a common law of fee-shifting. In doing so, the courts may take into consideration any of the legitimate, relevant purposes for which fee-shifting has been permitted or proposed, including punishing bad faith litigants, providing the plaintiff with complete relief in appropriate cases, preventing the unjust enrichments of those who benefit from successful litigation, or removing deterrents to meritorious litigation by reducing the disparity between the resources available to the parties. The *King–Eaves* factors, which include many of the traditional reasons for awarding fees, are as good a place as any to begin the development of a common law of fee-shifting under ERISA, even if they do not turn out to be the final word on the subject.

*Id.* (quoting *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1303–04 (6th Cir.1991)). Thus, the Court will examine Defendants' motion in light of the "common law" of fee-shifting, taking into account both the equities of the case before the Court and the relative merits of each party's positions. The Sixth Circuit, however, recognizes no presumption as to whether attorney's fees will be awarded. *See id.* at 1301–02.

In this case, the Court finds that the merits of the situation do not justify an award of attorney's fees to Defendants. First, the Court finds that Plaintiff did not act in bad

faith in bringing this action. Although Defendant asserts that Plaintiff's claims were "clearly without merit, and presented no novel legal issues," (Doc. #78 at 7.), the Court denied Defendants' motion to dismiss before eventually granting Defendants' motion for summary judgment. Furthermore, by Defendants' own admission, this case presented "various complicated and technical issues" that forced Defendants to "address [those issues] in a manner which could easily be traced by the Court...." (Doc. #81 at 7.) Upon review of the merits of the case, the Court finds that Plaintiff did not act in bad faith in bringing this action.

The second factor the Court must consider is Plaintiff's ability to pay an award of attorney's fees. Although this factor is not dispositive, *see Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557 (6th Cir.1987), the Court finds that this Plaintiff does not have the financial ability to pay reasonable attorney's fees, especially when the amount demanded is well over $100,000.

The third factor—the deterrent effect of an award on other similar persons—also does not support an award of fees. The Court finds that this case is not the type of case that presents a degree of culpability on behalf of Plaintiff that warrants punishment in this case or deterrence in others. Plaintiff thought he had a legitimate claim against Defendants for service credit under Defendant Ohio Education Association's Professional Staff Employees Pension Plan.

The fourth factor deals with conferring a common benefit on all participants. The purpose of this factor is to favor an award of attorney's fees to a plaintiff who challenges the denial of benefits. *Cf. Armistead*, 944 F.2d at 1304. Further, this factor "might weigh in favor of a plaintiff who showed that his suit could not have been brought at all but for the prospect of fee-shifting." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 n. 4 (6th Cir.1996) (citing *Armistead*, 944 F.2d at 1304). Finally, this factor "serves as [a] possible check[ ] on an award to an otherwise worthy claimant." *Gribble v. CIG-NA Healthplan of Tenn., Inc.*, 1994 WL 514529, at *4, 36 F.3d 1097 (6th Cir. Sept. 20, 1994). In this case, Defendants did not seek to confer a common benefit on all participants or resolve significant legal questions regarding ERISA. Instead, Defendants were defending themselves from an action brought by a plaintiff seeking service credit. Thus, the Court finds that this factor is irrelevant.

The fifth factor is a catch-all that looks to the relative merits of the parties' positions. The Court finds that although Defendants are the prevailing party, they have not shown that Plaintiff's actions in bringing this lawsuit are so egregious as to merit the award of attorney's fees. Instead, the Court finds that Plaintiff had an honest dispute with Defendants and sought to be compensated for what he felt was an error in denying him service credit. In short, the Court agrees with the *Armistead* court that Plaintiff's position was "no more devoid of merit than that of any other losing litigant." *Id.* at 1304.

Consequently, the Court finds that the circumstances of this case and the factors listed in *King* do not justify an award of attorney's fees. Therefore, the Court **DENIES** Defendants' motion for attorney's fees.

### III. Conclusion

Upon consideration and being duly advised, the Court **DENIES** Defendants' application for costs and for attorney's fees.

**IT IS SO ORDERED.**