**Ray A. O'BRYHIM, Plaintiff,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant.**

No. Civ.A. 95–335–A.

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 23, 1998.

William S. Sands, Jr., Alexandria, VA, for plaintiff.

William J. Virgulak, Jr., Fairfax, VA, for defendant.

## *MEMORANDUM OPINION*

CACHERIS, District Judge.

This matter comes before the Court on Plaintiff's Motions to reopen case after remand; for additional benefits and relief; and for attorney's fees and costs. For the reasons set forth below, Plaintiff's Motion is GRANTED in part.

### I.

Plaintiff, Ray A. O'Bryhim ("O'Bryhim") filed a Complaint in this Court on March 17, 1995, pursuant to 29 U.S.C. 1132(a)(1)(B) and (a)(3), the ERISA statute, seeking to recover employee benefits due under the terms of a group long-term disability insurance policy

covering employees of the Pohanka Automotive Group.

Prior to filing with this Court, O'Bryhim filed an administrative claim with Reliance Standard Life Insurance Company ("Reliance"), which was denied on October 28, 1993. O'Bryhim appealed this administrative decision three separate times, on December 16, 1993, April 8, 1994, and on June 22, 1994.

Following trial, in a Memorandum Opinion dated May 10, 1996 this Court found that the actions of Reliance were arbitrary and capricious in denying O'Bryhim's claim. The Court also made several findings of fact. The Court found that during his employment with Pohanka, O'Bryhim contracted chronic fatigue syndrome ("CFS"). The Court further found that O'Bryhim's disability occurred on September 1, 1992, based on the medical evidence submitted on O'Bryhim's behalf.

The Court then remanded the case back to the Plan Administrator so he could fully hear the evidence presented in Court to arrive at a decision on whether or not to award O'Bryhim benefits. The Court specifically directed the Plan Administrator, on remand, to consider O'Bryhim's additional telephone calls that were not fully recorded by Reliance's claims examiners regarding his condition, and also to consider certain information testified to by Dr. Levine.

On November 20, 1996, the Defendant issued its decision on remand awarding O'Bryhim long-term disability benefits, but limiting the time period for which it would pay such benefits. Specifically, the Defendant found that Plaintiff was not disabled until the date of January 1, 1993, four months later than September 1, 1992, the date on which this Court found Plaintiff had been disabled. The Defendant also found that Plaintiff was not suffering from CFS, contradictory to this Court's findings, but that Plaintiff was instead suffering from a mental or emotional disorder, for which Plaintiff was entitled to no more than two years of benefits.

## II.

Defendants argue that this Court did not retain jurisdiction over this matter and therefore has no ability to hear this motion. The Court, however, specifically retained jurisdiction over this matter by Order dated May 21, 1996.

Defendants also argue that O'Bryhim has failed to exhaust his administrative remedies since he did not appeal the decision upon remand through the Plan Administrator within sixty days. Section 1132(a)(1)(B) of ERISA specifically empowers employee benefit plan participants and beneficiaries to bring a federal civil action to recover benefits or enforce rights under the plan. "There is no explicit requirement that administrative remedies be exhausted before seeking federal court relief; however, it is within the district court's discretion to require that such administrative avenues be pursued before resort is had to any judicial remedy." *Keel v. Group Hospitalization Med. Services, Inc.*, 695 F.Supp. 223, 227 (E.D.Va.1988).

The Court first notes that, following O'Bryhim's initial claims denial on October 28, 1993, O'Bryhim made three separate appeals to Reliance. Only after these three individual appeals were exhausted did O'Bryhim file a case in federal court. After trial, on remand, the decision regarding benefits due to O'Bryhim was made by the appeal section of Reliance. If O'Bryhim were to appeal the decision on remand, the same individuals would again determine O'Bryhim's claim. The Court thus finds that Plaintiff has made a "clear and positive" showing that any further administrative appeal would be futile. *See Makar v. Health Care Corp. of Mid–Atlantic*, 872 F.2d 80, 83 (4th Cir.1989).

Accordingly, the Court finds that it has jurisdiction to consider Plaintiff's claims for additional relief and for attorney's fees and costs.

## III.

O'Bryhim moves this Court for the following additional relief:

| | |
|---|---|
| (1) Four Months of Additional Long Term Disability Benefits Less Other Income Offset | $17,975.00 |
| (2) Additional Pre–Judgment Interest Due | $19,763.00 |
| (3) Sales Commissions Paid By Plaintiff On Sale of Residence | $16,320.00 |
| (4) Additional Income Tax Liability Paid by Plaintiff Due to Invasion of Retirement Plan | $ 8,666.00 |

### A. Four Months Additional Benefits Plus Pre–Judgment Interest

■ In this Court's Memorandum Opinion dated may 5, 1996, the Court found as a matter of fact that O'Bryhim's disability occurred on September 1, 1992. On remand, Defendant determined that O'Bryhim was not disabled on September 1, 1992, but rather became disabled on January 1, 1993. Defendant also upset this Court's finding of fact that O'Bryhim was suffering from CFS, and found, rather, that O'Bryhim was suffering from a mental or emotional condition. Under the plan, a mental or emotional disability can be covered only up to a period of two years.

Plaintiff argues that to allow Defendant to adopt a wholly new view of this case on remand, ignoring the Court's specific findings of fact, would render the court's review of administrative decisions essentially a nullity, if the administrator can reverse the court.

The Court finds that Defendant substituted its own findings of fact for the Court's findings as set forth in its Memorandum Opinion dated May 5, 1996 and that such actions are arbitrary and capricious. Accordingly, the Court GRANTS in part Plaintiff's Motion for Additional Relief. Specifically, the Court finds that Defendant shall pay Plaintiff the sum of $17,975.00 for four months of additional long term disability benefits plus $11,225.00 additional pre-judgment interest [1], for the total of $29,200.00.

### B. Sales Commissions from Sale of House and Tax Resulting from Early 401(k) withdrawal

■ O'Bryhim claims that he was forced to withdraw funds from his retirement savings and was caused to pay income tax on these withdrawals. In addition, he claims that he was forced to sell his family's home because he was no longer able to afford to pay the mortgage.

The law is unclear as to whether allowances for these kinds of damages may be made under the portion of ERISA providing for "other equitable relief." While the Court is sympathetic to O'Bryhim's losses, the Court finds that Defendant's denial of this type of benefit was not arbitrary and capricious. Accordingly, Plaintiff's Motion for Additional Relief is DENIED in part. The Court will not award Plaintiff additional damages arising out of the use of his 401(k) retirement fund and for the sale of his house.

### IV.

Plaintiff Ray O'Bryhim also moves this Court for an award of attorney's fees in the amount of $131,187.00 plus costs of $7,944.66 pursuant to 29 U.S.C. § 1132(g)(1) of ERISA.

■ 29 U.S.C. § 1132(g)(1) of ERISA provides: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The awarding of attorneys' fees in an ERISA claim continues to be determined under the five-factor test adopted by the Fourth Circuit in *Reinking v. Philadelphia Am. Life Ins. Co.*, 910 F.2d 1210, 1217–18 (4th Cir.1990), even though the Fourth Circuit has since rejected the notion that a mandatory fee shifting rule exists in the ERISA context. *See Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1030 (4th Cir.1993).

The five-factor approach is not meant to be a rigid test but is designed to provide district courts with general guidelines for determining whether to grant a request for attorneys' fees. The five factors are:

(1) degree of opposing parties, culpability or bad faith;

(2) ability of opposing parties to satisfy an award of attorneys' fees;

(3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to

---

1. Plaintiffs requested the pre-judgment interest in the amount of $16,320.00 (a 12% rate of interest). The Court finds an award of the Virgi- nia legal rate of interest prescribed in Va.Code § 6.1–330.53 of 8% is appropriate.

resolve a significant question regarding ERISA itself; and

(5) the relative merits of the parties' positions.

*Quesinberry,* 987 F.2d at 1028 (quoting *Reinking,* 910 F.2d at 1217–18). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address ..." *Id.* at 1029. *See also Snead v. UNUM Life Ins. Co. of Am.,* 824 F.Supp. 69 (E.D.Va.1993).

### V.

■ The Court will apply each of the five *Reinking/ Quesinberry* factors, in turn, to O'Bryhim's request for attorneys' fees. The Court first finds that the "bad faith factor" weighs in favor of awarding attorneys' fees to O'Bryhim. Examples of Reliance's "bad faith" in processing O'Bryhim's claim began as soon as O'Bryhim filed his claim. At trial, this Court found that Reliance wrote to O'Bryhim's treating physician requesting medical records, and, prior to receiving any records, requested a video-tape surveillance of O'Bryhim. The surveillance did not reveal anything negative to O'Bryhim's claim. As Joseph A. Randza, Reliance's Director of Technical Services for Disability, testified, it was not normal to have surveillance done in CFS cases. After trial, this Court issued a Memorandum Opinion and Order, remanding O'Bryhim's case to the Plan Administrator, and directing the administrator to take into account the facts discovered at trial. The Court directed the Plan Administrator also to obtain a job description for O'Bryhim and to obtain records of certain phone calls. On remand, Reliance overturned this Court's findings of fact, specifically finding that O'Bryhim was not suffering from CFS (but was instead suffering from a mental disorder, which limited Reliance's liability), and also that O'Bryhim was not disabled until a date four months after the date which this Court had set. These actions evidence bad faith on the part of Reliance and weigh in favor of awarding attorney's fees to the Plaintiff.

As to the second factor, ability to satisfy an award, Reliance does not dispute that it has the financial ability to satisfy an award of attorney's fees to O'Bryhim. The "deterrence" factor weighs in favor of awarding attorney's fees to O'Bryhim, because such an award may discourage other insurance companies from acting with similar bad faith.

The fourth factor the Court must apply is whether O'Bryhim sought to benefit all plan participants or resolve a significant ERISA question. O'Bryhim's claim was of a personal nature, and he never sought to resolve any "significant legal question" for the benefit of other participants or beneficiaries. As to the fifth factor, the relative merits of the parties' positions, the Court ruled against Reliance on each of its defenses as a matter of law. This Court found that O'Bryhim suffered from Chronic Fatigue Syndrome, that a considerable amount of information regarding his disability had been presented to numerous employees of Defendant but had not been recorded and therefore not considered in its determination, that substantial medical information had been provided by Dr. Levine which had likewise not been considered, and the Court remanded for Defendant to consider this additional material on remand. On remand, O'Bryhim was awarded two years of benefits. This Court has now found that the decision on remand was arbitrary and capricious and has awarded O'Bryhim an additional four months of benefits.

After examining the *Reinking/ Quesinberry* factors, the Court finds that all of the factors except the fourth weigh in favor of awarding counsel fees to O'Bryhim. The Court finds that an award of reasonable attorneys' fees and costs is justified by the following factors: that Reliance acted in bad faith throughout the consideration of O'Bryhim's claim and on remand, that awarding fees will deter future insurers from displaying the same type of bad faith, and that O'Bryhim prevailed on the merits. Accordingly, O'Bryhim is entitled to counsel fees and costs under 29 U.S.C. § 1132(g)(1) of ERISA.

### VI.

■ The amount of any fee to be awarded must be determined based upon the facts of the case. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40

(1983). In examining a claim for attorneys' fees, the Court is guided by the twelve factors which were initially set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), and subsequently adopted by this Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226–28 (4th Cir. 1978).[2]

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate.

*Hensley*, 461 U.S. at 433.

Defendant argues that O'Bryhim's petition for attorneys' fees is premature, but does not make any specific objections to the amounts claimed by O'Bryhim for attorneys' fees and costs.

### VII.

Turning to the twelve *Barber* factors:

**1.** *Time and labor expended.*

McChesney & Dale claims the following by way of hours and rates:

| | HOURS | RATE ($) | TOTAL ($) |
|---|---|---|---|
| **Attorneys:** | | | |
| William P. Dale | 215.0 | 225. | 48,375.00 |
| Charles F. Fuller | 334.0 | 175. | 58,450.00 |
| **Additional personnel:** | | | |
| | 119.2 | 50. | 5,960.00 |
| | 24.5 | 175. | 4,287.50 |
| TOTAL | 692.7 | | 117,072.50 |

In addition, J. Mitchell Lambros, Esquire claims he has expended 58.4 hours at the rate of $225.00 per hour, for a total of $13,130.00. The law firm of Duncan & Hopkins, P.C. is seeking a fee of $405.00. This fee is for work done by attorney William S. Sands, Jr., who expended 2.7 hours at $150.00 per hour.

■ The first *Barber* issue concerns the number of hours that are reasonably charged and the proper rate to be reasonably applied to those hours. Mr. Dale states in his affidavit that, from early 1990 to the present, his normal hourly rate for new cases involving litigation has been $190.00 per hour, in those cases in which payment is to be made periodically upon billing. His hourly rate, where his fee is contingent upon recovery is between $225.00 and $250.00 per hour. The Court finds that the appropriate rate for the purpose of an award of attorney's fees is the regular hourly rate charged by Mr. Dale of $190.00 per hour. Mr. Fuller's hourly rate will also be reduced to his regular non-contingent rate of $150.00 per hour. Mr. Lambros does not submit a figure for his regular versus his contingent fee billing. The Court will award Mr. Lambros $190.00 per hour, finding that the experience and the work performed by Mr. Dale and Mr. Lambros to be similar.

The Court finds, there being no objection by Defendant, the hours expended on this case to be reasonable.

**2.** *Novelty and difficulty of questions raised.*

■ This case did not involve difficult legal questions.

**3.** *Skill required to properly perform the services.*

This case involved issues appropriately addressed by counsel experienced in ERISA

---

**2.** The factors are:

   (1) time and labor expended;

   (2) novelty and difficulty of the question raised;

   (3) the skill required to properly perform the legal services rendered;

   (4) the attorneys' opportunity costs in pressing the litigation;

   (5) the customary fee for like work;

   (6) attorneys' expectation at the outset of the litigation;

   (7) time limitations imposed by client or the circumstances of the case;

   (8) *amount in controversy and the results obtained;*

   (9) *the experience, reputation and ability of the attorneys;*

   (10) *the undesirability of the case within the legal profession;*

   (11) *nature and length of professional relationship between the attorney and client;* and

   (12) *attorneys' fees awarded in similar cases.*
*Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 175 (4th Cir.1994).

and ERISA litigation. Counsel for Plaintiff are experienced in this area.

### 4. Attorney's opportunity costs in pressing the litigation.

Counsel for Plaintiff states that to the extent counsel was required to expend time in pursuing this case, they were not available for other employment. During its representation of Mr. O'Bryhim, McChesney & Dale consisted initially of five, and, subsequently, four attorneys. Thus, the substantial time expenditure represented a fairly significant percentage of the legal work performed by McChesney & Dale, and therefore had a substantial impact on the firm's ability to meet its operating expenses.

### 5. Customary fee for like work.

Plaintiff cites examples of cases in which courts have awarded fees in the range sought by counsel. *See, e.g., Mendez v. Teachers Ins. & Annuity Assoc. and College Retirement Equities Fund,* 982 F.2d 783 (2d Cir. 1992) (approving an hourly rate of $260.00 per hour); *Egert v. Connecticut General Life Insurance Company,* 768 F.Supp. 216 (N.D.Ill.1991) (approving a rate of $175.00 per hour for litigation in 1990).

This Court has awarded fees for services rendered in a similar long-term disability claim in the amounts of $200.00 per hour for primary counsel and $150.00 per hour for local counsel. This award was entered approximately four years ago. *See Snead v. UNUM Life Ins. Co.,* 824 F.Supp. 69 (E.D.Va.).

### 6. Attorneys' expectation at the outset of litigation.

Counsel represented O'Bryhim on a contingency basis. The hourly rate agreed to by the Plaintiff was greater than the normal hourly rate charged by counsel for cases in which his fees are to be paid on a monthly basis, due to the fact that recovery was contingent.

### 7. Time limitations imposed by client or circumstances.

Due to the numerous motions and courts appearances, there were frequent time limitations in this case, although they did not pose any undue burden on counsel.

### 8. Amount in controversy and results obtained.

Counsel has obtained all of the benefits to which Mr. O'Bryhim was entitled under the policy. The Court has awarded benefits to O'Bryhim for the entire period of sixteen months during which he was disabled at the full rate of $4,980.00 per month. The Court has also awarded pre-judgment interest on this amount.

### 9. Experience, reputation and ability of the attorney.

The affidavits submitted by Mr. Dale, Mr. Fuller, and Mr. Lambros fully describe the qualifications and background of each attorney. As a brief summary of each lawyer involved in this case, Mr. Dale is a principal with the law firm of McChesney & Dale with twenty years experience. For the past four years, a significant amount of Mr. Dale's practice has focused on representing plaintiffs before federal courts pursuing Long Term Disability benefits pursuant to ERISA, after such benefits have been denied by insurance carriers. Mr. Fuller has been in private practice in the Washington, D.C. metropolitan area since May 1986, and, from 1993 to the present, a significant amount of his practice has included representation of Plaintiffs pursuing Long Term Disability Benefits through ERISA and non-ERISA Employee Benefit Plans. Mr. Lambros graduated from Duke University Law School in 1985 and has been in private practice since that date. Mr. Lambros has been an Associate Attorney with the law firm of Semmes, Bowen & Semmes in Baltimore, Maryland, and is currently a partner in the firm of Lambros & Lambros in Cockeysville, Maryland. His practice emphasizes representation of Social Security Disability claimants, a number of whom have been diagnosed as suffering from Chronic Fatigue Syndrome.

Mr. Sands has not filed with the Court an affidavit detailing his professional experience and qualifications. The fees payable to Mr. Sands shall therefore be reduced by 10%.

*See Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir.1987).

Likewise, the firm of McChesney & Dale has asked for an award of 24 hours work at $175. per hour without providing any information about the professional qualifications of the attorneys who performed this work. This hourly fee shall also be reduced by 10%. *See id.*

10. *Undesirability of the case within the legal community.*

There is nothing particularly undesirable about this case, though the Court does note that counsel took the case on a contingency basis.

11. *Nature and length of professional relationship between attorney and client.*

As noted in the Affidavit of William P. Dale, there was no prior relationship with Mr. O'Bryhim and Mr. O'Bryhim sought out counsel's services because of prior performance in litigated cases involving ERISA. There does not appear to be likelihood of further representation.

12. *Attorney's fees awarded in similar cases.*

(See section 5, *supra* ).

Based on an analysis of all the factors, the Court awards attorney's fees for McChesney & Dale as follows:

| | HOURS | RATE ($) | TOTAL ($) |
|---|---|---|---|
| **Attorneys:** | | | |
| William P. Dale | 215.0 | 190.00 | 40,850.00 |
| Charles F. Fuller | 334.0 | 150.00 | 50,100.00 |
| **Additional personnel:** | | | |
| | 119.2 | 50.00 | 5,960.00 |
| | 24.5 | 157.50 | 3,858.75 |
| TOTAL | 692.7 | | 100,768.75 |

In addition, the Court awards attorneys' fees for J. Mitchell Lambros, Esquire for 58.4 hours of work at the rate of $190.00 per hour, for a total of $11,096.00. The Court also awards attorneys' fees for the law firm of Duncan & Hopkins, P.C. for work done by attorney William S. Sands, Jr., of $364.50.

## VIII.

Plaintiff also requests an award of costs for this litigation in the amount of $7,944.38. Again, Defendant makes no specific objections to these costs, but instead argues that no award of attorneys' fees or costs is warranted.

The Law Firm of McChesney & Dale, P.C. has submitted a Bill of Costs that, in summarized form, contains the following items:

(1) Photocopying . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,149.20
(2) Expert Witness Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,137.50

   (Dr. Paul Levine Trial Testimony $1,267.00)
   (Dr. Johnson meeting and Affidavit $120.00)
   (Dr. Pocinki meeting and Affidavit $750.00)

(3) WESTLAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,082.30
(4) Facsimilies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  969.00
(5) Deposition Transcripts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  425.00
(6) Transportation and Parking Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  496.78
(7) Private Process Server . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  110.00
(8) Filing Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  120.00
(9) Trial Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  162.00
(10) Postage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  121.57
(11) Long Distance Telephone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   78.71
(12) Federal Express . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   47.50
(13) Messenger Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   37.50

In addition, the Law Firm of Duncan & Hopkins, P.C., claims expenses totaling $7.60. This consists of $6.00 in photocopying charges and $1.60 in facsimilies charges.

Plaintiffs rely on ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), which authorizes cost-shifting in ERISA actions brought by plan participants and beneficiaries. In considering the amount of costs to be awarded, this Court is guided by Federal Rule of Civil Procedure 54(d)(1). *See, e.g., Agredano v. Mutual of Omaha Companies,* 75 F.3d 541 (9th Cir.1996); *Hall v. Ohio Educ. Ass'n,* 984 F.Supp. 1144 (S.D.Ohio 1997). The Court will therefore allow costs usually allowed under 28 U.S.C. § 1920.[3]

■ Plaintiff first asks for costs in the amount of $2,149.20 for photocopying expenses. Photocopying expenses will be allowed "only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Board of Directors, Water's Edge v. Anden Group,* 135 F.R.D. 129, 138 (E.D.Va.1991). Plaintiff has offered no description of the purposes for which these photocopies were made. Nor has Plaintiff offered the charge per copy (a reduced fee is usually used in calculating cost, since a law firm generally has its own equipment due to the volume of copies incidental to business). The Court therefore will allow one-half of the fees requested for photocopies, in the amount of $1,074.60.

■ Plaintiff asks for the amount of $2,137.50 for expert witness fees. Expert witness fees, absent explicit statutory or contractual authority, are not taxable as costs in amounts exceeding the statutory limit for witness fees of $40 per day, 28 U.S.C. § 1821; *Crawford Fitting Co. v. J.T. Gibbons Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Sevigny v. Dicksey,* 846 F.2d 953,

959 (4th Cir.1988); *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n,* 830 F.2d 522, 527 (4th Cir.1987). Finding no "exceptional circumstances," the Court will therefore allow the statutory fee of $40. for the cost of the trial testimony of Dr. Paul Levine. The Court will disallow costs for meetings and affidavits of Drs. Johnson and Pocinki, as they neither attended court nor a deposition hearing.

■ Item three (3) in Plaintiff's summary of costs is a charge for WESTLAW use in the amount of $1,082.30. The majority of federal courts subscribe to the view that costs of computer legal research are properly reflected as part of the law firm's overhead and, as such, are a factor to be included in the setting of attorneys fees as opposed to ordinary costs. *See Bjornen v. State Farm Fire & Casualty Co.,* 81 Hawai'i 105, 912 P.2d 602 (App.1996) (citing cases and secondary sources). The Court will thus disallow the costs claimed for WESTLAW use.

■ The items of cost reflecting postage and long distance telephone calls, items (10) and (11) are incidental expenses of litigation and therefore not allowable costs under Rule 54(d) or 28 U.S.C. § 1920. *Moss v. ITT Continental Baking Co.,* 83 F.R.D. 624 (E.D.Va.1979). Costs for Federal Express, item (12) and for Messenger Service, item (13), are similar to postage costs, and, as such, are not allowable. Facsimile transmissions occur by way of telephone lines, so, likewise, the charges for item (4) are also not allowable.

■ Item (5) claims costs for Deposition Transcripts. The Court finds that the depositions were not obtained for "mere discovery" or for "convenience of counsel." In particular, the 300–page deposition of Mr.

---

**3.** Title 28 U.S.C. § 1920 sets forth the kinds of expenses that a federal court may tax as costs against the losing party:

"A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Randza, the corporate representative of Reliance, was used extensively during motions, and was also used at trial. A district court should award costs when a deposition is used at trial or the taking of a deposition is reasonably necessary at the time of its taking. *LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir.1987); *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129, 133, 135 (E.D.Va. 1991); *Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D.Va.1982). The Court will therefore allow these costs in full.

The transportation and parking charges set forth as item (6) are not recompensable costs under Rule 54(d) or 28 U.S.C. § 1920 and are therefore, disallowed. *See Sperry Rand Corp. v. A–T–O, Inc.*, 58 F.R.D. 132 (E.D.Va.1973).

 Costs incurred for a private process server, Item (7) and for the filing fee, Item (8), are allowable as costs under 28 U.S.C. § 1920. The Court also finds that obtaining a trial transcript was "necessary to counsel's effective handling of the case," in filing post-trial motions, and thus will allow these costs. *See Water's Edge*, 135 F.R.D. at 136.

In summary, the Court will allow the following charges: For the law firm of McChesney & Dale, P.C.:

| | |
|---|---|
| Photocopying | $1,074.60 |
| Expert Witness Fees | $ 40.00 |
| Deposition Transcripts | $ 425.00 |
| Private Process Server | $ 110.00 |
| Filing Fee | $ 120.00 |
| Trial Transcript | $ 162.00 |
| TOTAL | $1,931.60 |

In addition, the Court will award $3.00 for photocopying costs to the law firm of Duncan & Hopkins, P.C.

Accordingly, the Court awards to Plaintiff the sum of $112,229.25 in Attorneys' Fees plus costs of $1,934.60 for a total of $114,-163.85.

### ORDER

For the reasons stated in the attached Memorandum Opinion, it is hereby ORDERED that:

(1) Defendant Reliance Standard Life Insurance Company shall pay the Plaintiff Ray A. O'Bryhim the sum of $17,975.00 for four months of additional long term disability benefits plus $11,225.00 additional pre-judgment interest, for the total of $29,200.00;

(2) Defendant Reliance Standard Life Insurance Company shall pay attorneys' fees in the sum of $112,229,25, and $1,934.60 in costs for a total of $114,163.85; and

(3) the Clerk of Court shall forthwith provide a copy of this Memorandum Opinion and Order to all counsel of record.